**Curtis ORR, Jr., Petitioner-Appellant,**

v.

**UNITED STATES of America et al., Respondents-Appellees.**

**No. 18999.**

United States Court of Appeals Sixth Circuit.

April 2, 1969.

Curtis Orr, Jr., in pro. per.

Bernard J. Stuplinski, U. S. Atty., Cleveland, Ohio, on brief, for appellees.

Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Curtis Orr, Jr., petitioner-appellant, appeals from an order of the United States District Court for the Northern District of Ohio, Eastern Division, denying his motion for relief under Section 2255, Title 28, U.S.C. Orr was sentenced on July 6, 1962 to three two year sentences on three counts of a nine count indictment, the sentences to run consecutively. The other six counts of the indictment were dismissed.

The appellant sets forth only one ground in his motion as a basis for vacating the judgment of the District Court:

"* * * the trial court failed to advise him that his plea of guilty would expose him to cumulative punishment, and that under Rule 11, Fed.R.Cr. Proc., a plea of guilty shall not be accepted without first determining 'that the plea is made voluntarily with the understanding of the nature of the charge *and the consequences of the plea.*'"

**1012**

At the time the appellant pleaded guilty in 1962 Rule 11 did not contain the phrase "and the consequences of the plea." That was added by amendment in 1966. There was no specific violation of Rule 11 at the time the appellant was sentenced. A plea of guilty to three counts of a nine count indictment with six counts dismissed is open to the inference that the appellant knew that he could be sentenced on each count.

The appellant cannot complain about the severity of the sentence. Sweeden v. United States, 209 F.2d 524 (C.A. 8). The sentences were within the limits fixed by statute and whether they be made to run concurrently or consecutively was within the discretion of the trial judge. Clearly, there was no abuse of discretion here. See Livers v. United States, 185 F.2d 807, 809 (C.A. 6). It is not customary to advise a defendant of the sentence he will receive on a plea of guilty unless it is by agreement and pre-arrangement. He knows that he is subject to a sentence within the full range of the penalty provided by statute.

In Verdon v. United States, 296 F.2d 549, 553 (C.A. 8) the court said,

"It is to be noted, however, that awareness of the possible range of sentence, when mentioned, is named as only one of several factors involved. It is not a factor which, alone and bare, demands in its absence a vacation of a sentence. The circumstances of each case are important."

The appellant does not attack the legality of the sentences but only that he was not informed that the sentences could be made to run consecutively. If the defendant actually believed that he could not be sentenced consecutively on multiple counts it would have been no concession to him to dismiss six counts of the indictment or if he could only receive one sentence why not dismiss all but one of the counts. The appellant was represented by competent counsel at every stage of the proceeding and it is inconceivable that he was not advised of the significance of dismissing six counts of the indictment and being permitted to plead guilty on only three counts. It is significant too, that appellant's first attack on his sentence was that his co-defendant who received a longer sentence was paroled before he was.

Appellant, in his brief, assigns as a ground for vacation of sentence that he was led to believe that his plea of guilty would result in one two year sentence. This is a mere conclusionary statement unsupported by any facts and is an attempt to raise a question in this court which was not presented to the District Court by the appellant's pleading.

Judgment affirmed.