**Frank FIMMANO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Nos. 66 Cr. 889, 69 Civ. 5062.**

United States District Court
S. D. New York.

Jan. 16, 1970.

Frank Fimmano, pro se.

Robt. M. Morgenthau, U. S. Atty., Jay S. Horowitz, Asst. U. S. Atty., of counsel, for respondent.

## MEMORANDUM

LEVET, District Judge.

Petitioner, Frank Fimmano, moves pursuant to 28 U.S.C. § 2255 to have the court vacate the judgment of conviction based on his guilty plea on May 24, 1967 and set aside the sentence imposed thereafter on June 30, 1967. He contends (1) that his retained counsel did not inform

him of his ineligibility for parole under the narcotics law, thereby depriving him of the Fifth Amendment right to due process and the Sixth Amendment right to effective assistance of counsel; and (2) that the court did not inform him of such ineligibility for parole, thereby depriving him of his right to be informed of the "consequences of the plea" under Rule 11, Federal Rules of Criminal Procedure.

The petitioner was indicted on three counts in violation of 21 U.S.C. §§ 173, 174 and 18 U.S.C. § 371. At the beginning of the trial, his counsel, Robert Mitchell, Esq., reported to me that "the defendant Frank Fimmano desires to withdraw his plea of not guilty and plead guilty to the three counts of the indictment." I then addressed Fimmano personally in order to determine that the plea was made voluntarily with an understanding of the nature of the charges and the consequences of the plea and in order to properly satisfy myself that there was a factual basis for the plea.

In connection with the requirement that there be an understanding of the nature of the charges and a factual basis for the plea, the following colloquy occurred on May 24, 1967:

"THE COURT: Are you Frank Fimmano?

A Yes.

THE COURT: You are one of the defendants in this case?[1]

A Yes, your Honor.

\* \* \* \* \* \*

THE COURT: Now, in reference to the first count, that charges you with selling heroin or receiving and facilitating the transportation \* \* of heroin on June 13, 1966. What did you do on that day in respect to narcotics? \* \* \* Did you transfer some heroin to someone else?

A Yes, your Honor.

THE COURT: Where was it?

\* \* \* \* \* \*

A In the Bronx.

THE COURT: Where in the Bronx? Don't you know where?

\* \* \* \* \* \*

A Allerton Avenue, your Honor.

THE COURT: Allerton Avenue, all right. Now, on the 31st of August, did you also transfer some heroin to somebody? \* \* \*

A Yes, your Honor.

THE COURT: Where was that?

A That was on Burke Avenue \* \* \* I'm not a hundred per cent sure.

THE COURT: And you secured this from somebody else and transferred it to somebody there, is that right?

A Yes, your Honor.

THE COURT: Now as to the—

A I transferred it to the informer.

THE COURT: To an informer. All right. Now as to the third count \* \* \* [d]id you conspire with others to violate the narcotics laws between the 1st of June and the time of the filing of the indictment \* \* \* November 2, 1966 \* \* \*?

A Yes, your Honor.

\* \* \* \* \* \*

THE COURT: You violated \* \* the laws with others, is that right? With two other persons, is that right?

A Yes, with the agent and the informer.

THE COURT: Well, on or about the 13th of June, did you meet a man in the vicinity of Burke Avenue and Matthews Avenue in reference to this narcotic situation?

A Yes, your Honor.

THE COURT: And on the 31st of August did you ride in a certain au-

---

1. Fimmano's two co-defendants pleaded not guilty. They were then tried, and each was convicted of one substantive count. Subsequently, the convictions were af-firmed. United States v. Catino and Pagano, 403 F.2d 491 (2nd Cir. 1968), cert. denied 394 U.S. 1003, 89 S.Ct. 1598, 22 L.Ed.2d 780 (1969).

tomobile in the vicinity of Burke Avenue and Matthews Avenue, Bronx, in reference to this matter?

A  Yes, your Honor."

■  In his present petition, Fimmano makes no attempt to deny either that the plea of guilty on all three counts of the indictment was made voluntarily with an understanding of the nature of the charges or that there was a factual basis for the plea.[2]

In connection with the requirement that there be an understanding of the consequences of the plea, the following colloquy occurred on May 24, 1967:

"THE COURT:  And have you discussed with your attorney, Mr. Mitchell who stands here with you, the wisdom of changing your plea from not guilty to guilty?

A  Yes, your Honor.

THE COURT:  You understand the possible punishments here?  I don't know whether you are a first offender or not,[3] but do you understand that the first offender receives a minimum of five years?  Do you understand that?

A  Yes, your Honor.

THE COURT:  Do you understand that it may be cumulative—that is, it may be not made concurrent, not served at the same time?  Do you understand that?

A  Yes, your Honor.

\*    \*    \*    \*    \*    \*

THE COURT:  Has anybody made any promise to you if you plead guilty?

A  No, your Honor.

THE COURT:  And has anybody threatened you if you don't plead guilty?

A  No, your Honor."

At the sentencing on June 30, 1967, I further reminded Fimmano that "I have no other alternative than to give you at least five years."  He was then sentenced to five years on each of the three counts to which he had pleaded guilty, with the sentences to be served concurrently.

■  Although petitioner was informed by the court when he entered his plea that there was a minimum sentence of five years and that the sentences for the three counts could be made to run consecutively rather than concurrently, he now argues that he was not sufficiently apprised of the consequences of his plea.  Specifically, he maintains that he was never told of his ineligibility for parole after sentence;  and that "he would not have tendered his guilty plea" had he been so advised.

As Judge Croake of this court observed in United States v. Caruso, 280 F.Supp. 371, 373 (S.D.N.Y.1967), aff'd per curiam sub nom. United States v. Mauro, 399 F.2d 158 (2nd Cir. 1968), cert. denied 394 U.S. 904, 89 S.Ct. 1010, 22 L.Ed.2d 215 (1969):

" \* \* \*  To understand the nature of a charge it is of course necessary to understand the worst of those consequences that can be foreseen [footnote omitted] as of the time the plea is taken.  A defendant who has been informed of the maximum punishment to which he is exposed understands the consequences of a plea of guilty.  If he is subject to parole, that

---

2.  In this instance, Fimmano's basic request is to withdraw his plea of guilty. Under Rule 32(d), F.R.Cr.P., "[a] motion to withdraw a plea of guilty \* \* \* may be made only before sentence is imposed \* \* \*; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." In this circuit, an allegation of innocence is required to support such a motion.

United States v. Norstrand Corp., 168 F. 2d 481 (2nd Cir. 1948) ; United States v. Johnson, 269 F.Supp. 767, n. 7 at 768 (S.D.N.Y.1967). There was no such allegation of innocence by petitioner at the time of plea or sentencing, or in his present papers.

3.  It developed that Fimmano was a first offender.

is a benefit running in his favor. But release on parole is not something to which he has a right and is thus not a foreseeable consequence of his plea."

In addition to Fimmano's affirmative answer to my question as to whether he understood that he was subject to a minimum sentence of five years, his own statement in the present petition reveals his awareness of the possible range of punishment after a guilty plea on all three counts. He acknowledges that his retained counsel notified him before the guilty plea was entered that he (Fimmano) could receive a sentence of fifteen years if convicted on all three counts after a trial.

I believe that Fimmano understood the nature of the charges against him and the consequences of a guilty plea to all three counts. He knew that there was a minimum sentence of five years and that he could be sentenced to fifteen years.

His present insistence that he would not have pleaded guilty if he had known of his ineligibility for parole is somewhat less than compelling in its logic. Even if he *had* been eligible for parole, Fimmano was still aware, by his own admission, that he could have received a sentence totalling fifteen years.

Under the most liberal federal parole provision,[4] he would be required to serve five years of a possible fifteen year sentence. Under all the circumstances, it is evident that Fimmano could not reasonably have expected to serve less than five years after pleading guilty to all three counts.

After reviewing the record in this case and the petition submitted by Fimmano, I reaffirm my earlier determination at the time of the plea that he understood the nature of the charges against him and the consequences of a guilty plea. United States v. Caruso, supra; Smith v. United States, 116 U.S.App.D.C. 404,

324 F.2d 436 (D.C. Cir. 1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed. 2d 975 (1964); Trujillo v. United States, 377 F.2d 266 (5th Cir.) cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967); Sanchez v. United States, 417 F.2d 494 (5th Cir. 1969). But see Munich v. United States, 337 F.2d 356 (9th Cir. 1964); Durant v. United States, 410 F.2d 689 (1st Cir. 1969); Berry v. United States, 412 F.2d 189 (3rd Cir. 1969).

Accordingly, the petition, which is bottomed on the claim that Fimmano was not told of his ineligibility for parole after a guilty plea, is denied in all respects.

The Clerk of the Court is directed to send a copy hereof to the petitioner.

So ordered.

---

4. See, generally, 18 U.S.C. § 4202 (eligibility of federal prisoners for parole) and 26 U.S.C. § 7237(d) (inapplicability of 18 U.S.C. § 4202 to sentences for violation of narcotics law).