Donald P. MYERS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 70–1428.

United States District Court,
C. D. California.

Oct. 30, 1970.

David Unrot, Santa Monica, Cal., for petitioner.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief, Criminal Division, Richard L. Jaeger, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

## MEMORANDUM AND ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

PREGERSON, District Judge.

On June 10, 1963, Donald P. Myers was sentenced to seven years in the custody of the Attorney General, following a plea of guilty to five counts of violating 18 U.S.C. § 2314. At the time of his plea and subsequent sentence, Myers was in the custody of California authorities on the basis of separate state charges. Two state convictions following the pronouncement of Myers' federal sentence resulted in his retention in state custody until July 8, 1968. On that date he was delivered into federal custody, and pursuant to 18 U.S.C. § 3568 [1] his federal sentence commenced running at that time.

Myers now moves under 28 U.S.C. § 2255 to vacate his sentence on the ground that his guilty plea was not offered with complete knowledge of the consequences thereof,[2] in that he did not know that his sentence would not begin to run at the time it was imposed. The

1. "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. * * *"

2. Rule 11 of the Federal Rules of Criminal Procedure requires that a guilty plea be determined to be "made voluntarily with understanding of * * * the consequences of the plea." While the latter five words were added by amendment in 1966, it is clear, and both parties to this case agree, that the 1966 amendment merely codified a requirement which existed at the time of this petitioner's plea. See. e. g., Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).; Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

question before this Court—apparently one of first impression—is whether the guilty plea of a defendant who is subjected to federal prosecution while in state custody is vitiated if the defendant is not made aware that any federal sentence which may be imposed upon him will not begin to run until he is received in federal custody.

■ The possible duration of imprisonment is certainly among the foremost "consequences" of a guilty plea of which a defendant need be aware. *See, e. g.,* 1 C. Wright, Federal Practice & Procedure § 173, at 372 (1969), and cases cited therein. It is with this in mind that the Ninth Circuit Court of Appeals and several others have held that a guilty plea is vitiated if the defendant is not apprised of the fact that upon sentence he will not be eligible for probation or parole. Munich v. United States, 337 F.2d 356 (9th Cir. 1964); Berry v. United States, 412 F.2d 189 (3rd Cir. 1969); Durant v. United States, 410 F.2d 689 (1st Cir. 1969). Moreover, even courts which have not accepted that ruling state that "[t]o understand the nature of a charge it is of course necessary to understand the worst of those consequences that can be foreseen as of the time the plea is taken." [3]

■■ In the case of a federal defendant who is in state custody at the time of his federal prosecution, the "worst" consequence of a guilty plea, as far as the length of imprisonment is concerned, is the possibility [4] that he will remain in state custody without any credit against his federal sentence, and then begin service of that sentence only upon release by the state and receipt by federal authorities—precisely what happened to petitioner Myers. This Court therefore holds that where the trial judge is aware that the defendant is in state custody, and consequently may not start his federal sentence at the time it is imposed, in order that the defendant's plea be voluntarily and understandingly made he must be informed that his federal sentence may not start to run until such time as he is released from state custody and received at a federal institution for service of such sentence.

Contrary to the Government's assertion in its brief, the record shows that the trial judge was aware of the fact that Myers was in state custody on the dates of his arraignment, of his plea, and of his sentence. [5] Moreover, the cases and reasoning cited by the Government

---

3. United States v. Caruso, 280 F.Supp. 371, 373 (S.D.N.Y.1967), aff'd *sub nom.* United States v. Mauro, 399 F.2d 158 (2d Cir. 1968), cert. den., 394 U.S. 904, 89 S.Ct. 1010, 22 L.Ed.2d 215 (1969) (footnote omitted); Fimmano v. United States, 308 F.Supp. 938, 940 (S.D.N.Y. 1970).

4. Under 18 U.S.C. § 4082(a) & (b), the Attorney General is charged with designating "the place of confinement where the sentence shall be served." (This authority has been delegated to the Bureau of Prisons, 28 C.F.R. § 0.96(c).) According to the circumstances of each case, this designation may or may not be to a state institution where the prisoner is already confined. It is true, as the Government states in its brief, that such designation is beyond the authority of the sentencing judge (*see, e. g.,* Joslin v. Moseley, 420 F.2d 1204 (10th Cir. 1969)); but it is also true that a recommendation by the sentencing judge that the federal sentence be served concurrently with a state sentence will almost invariably be followed by the Bureau of Prisons. Under the proposed new Federal Criminal Code, a federal sentence would automatically run concurrently with a state sentence, absent affirmative action by the sentencing court. National Commission on Reform of Federal Criminal Laws, Study Draft of a New Federal Criminal Code § 3206(1) & (6) (1970).

5. The Court's minutes for these three dates —May 13, May 20, and June 10, 1963— so specify, and the fact that petitioner had state charges pending against him was elaborated in the pre-sentence report submitted to the trial court. Moreover, the records of an accompanying criminal case (No. 31474) against petitioner indicate that the writ of habeas corpus ad prosequendum which brought petitioner into court for arraignment, plea, and sentence was presented to and signed by the trial judge who took the guilty plea.

do not detract from the cogency of petitioner's instant contention. To begin with, the holdings in Meaton v. United States, 328 F.2d 379 (5th Cir. 1964), cert. den., 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965) and Joseph v. Esperdy, 267 F.Supp. 492 (S.D.N.Y.1961), that a defendant need not be advised of such "collateral" consequences as deportation and the loss of voting rights, can in no way be analogized to encompass the very dimensions of the term of sentence. Combs v. United States, 391 F.2d 1017 (9th Cir. 1968), dealing with the applicability of different sentencing statutes, does not depreciate, but in fact affirms, the notion that the possible length of sentence is a fact of which the defendant need be aware. The same is true of the language which the Government quotes from Trujillo v. United States, 377 F.2d 266 (5th Cir.), cert. den., 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967), a case whose major holding, it should be observed, is in direct opposition to the doctrine of this Circuit announced in Munich v. United States, *supra.* In United States v. Cariola, 323 F.2d 180 (3rd Cir. 1963) the consequences complained of were truly "collateral"—i. e., a loss of voting rights effective 16 years after the conviction—and in United States v. Washington, 341 F.2d 277 (3rd Cir.), cert. den. *sub nom.* DeGregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1967), the basis of the complaint was "the possible legal disadvantages surviving the satisfaction of [the] sentence." 341 F. 2d at 286. The running of the present petitioner's sentence is eminently distinguishable from the "collateral consequences" asserted in the above cases, and it is hard to understand how the Government reasons that the duration of Myers' sentence "is in no way a direct consequence of his plea of guilty."

Nor is the recent decision of the Ninth Circuit in Hinds v. United States, 429 F.2d 1322 (1970), defeative of petitioner's claim. In holding that the defendant there did not have to be informed that his sentences could be imposed to run consecutively, the Court stated that Rule 11 was satisfied when "the court advised the defendant of the maximum sentences applicable to each charge." 429 F.2d at 1323. The assertion in the present case is that Myers was uninformed of a basic element of "the maximum sentence applicable  *  *  *"— the point from which the sentence would be computed. He presently asserts, and all the evidence before this Court convinces it, that he was not so apprised.

The Government states that it is entitled to prove that any "error" in the trial court's not informing petitioner of the particulars herein complained of was "harmless," by which the Court takes it to mean did not infect the voluntariness or knowledgeability of the plea. But the Government has adduced neither evidence nor argument to meet its burden of proof on this point,[6] and in light of the foregoing analysis and of the evidence before the Court petitioner's contentions cannot be rejected on this ground.

An order will be entered setting aside petitioner's plea of guilty and sentence, and affording him an opportunity to plead again to counts one through five of the Indictment in Criminal Case No. 32056.

It is ordered that the motion pursuant to 28 U.S.C. § 2255 is granted.

It is further ordered that Criminal Case No. 32056 is reopened for further proceedings.

It is further ordered that the Clerk of the Court serve copies of this Memorandum and Order, and the accompanying Order in Criminal Case No. 32056, on the attorneys of record for the parties appearing in this cause.

---

6. *See* Munich v. United States, *supra,* 337 F.2d at 360.