**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**Donald P. MYERS, Defendant-Appellee.**

**No. 71–1083.**

United States Court of Appeals,
Ninth Circuit.

Jan. 7, 1972.

Richard L. Jaeger, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty. & Chief, Criminal Div., Los Angeles, Cal., for plaintiff-appellant.

David Kenner (argued), Van Nuys, Cal., for defendant-appellee.

Before MERRILL, BROWNING, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

The Government appeals from an order of the district court, D.C., 319 F. Supp. 326, setting aside Myers' 1963 guilty plea on the ground that the plea was invalid under Rule 11 of the Federal Rules of Criminal Procedure.

At the time Myers pleaded guilty to the federal charges and was sentenced, he was in the custody of the State of California, awaiting trial on two different state charges. After the federal sentence was imposed, Myers was convicted of the state offenses, and he was retained in state custody until 1968 when he was paroled into federal custody. Pursuant to 18 U.S.C. § 3568,[1] Myers' seven-year federal sentence did not begin to run until he was first received in federal custody upon his 1968 parole.

In 1970, Myers filed a section 2255 petition alleging that his 1963 plea was involuntary because he was not then aware that, under section 3568, any sentence that the federal court might impose would not begin to run until he was received in federal custody. The district court found that the 1963 court was aware that at all pertinent times Myers was in state custody and that Myers had not been informed of the impact of section 3568. It concluded that Rule 11 then required that Myers should have been thus informed and that the failure to so inform him invalidated the plea.

Rule 11 requires that a guilty plea "[must be] made voluntarily with understanding of the nature of the charge and the consequences of the plea." Although the last five words were added by a 1966 amendment, it is clear, and the parties to this case agree, that the amendment merely codified law antedating Myers' plea. (See Von Moltke v. Gillies (1948) 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 and Kerchevel v. United States (1927) 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009.)

1. In pertinent part § 3568 provides:
"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . ."

■ The impact of section 3568 was unquestionably a consequence of Myers' plea. The issue is whether or not the operation of section 3568 is one of the "consequences of the plea" about which Rule 11 required Myers to be advised. No authority has been found specifically addressing this problem.[2]

■ Rule 11 has not been construed to require that a defendant be informed of every conceivable consequence of his plea. (*E.g.,* United States v. Cariola (3d Cir. 1963) 323 F.2d 180.) Rule 11 is concerned only with those consequences of which it is objectively deemed that the defendant must be informed to enter a voluntary plea. Although a comprehensive catalog of those consequences has not been developed, there is agreement that any factor that necessarily affects the maximum term of imprisonment is a consequence of the plea within the meaning of Rule 11. (Marvel v. United States (1965) 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960, vacating and remanding Marvel v. United States (5th Cir. 1964) 335 F.2d 101; Combs v. United States (9th Cir. 1968) 391 F.2d 1017; Freeman v. United States (9th Cir. 1965) 350 F.2d 940; Stephen v. United States (5th Cir. 1970) 426 F.2d 257; Pilkington v. United States (4th Cir. 1963) 315 F.2d 204.)

■ We think that the impact of section 3568 is a factor that necessarily affected Myers' maximum imprisonment. It is evident that the time that a federal sentence can commence running has a direct bearing on the maximum time a defendant may be in prison. Under section 3568, the district judge was powerless to impose a federal sentence to run concurrently with any state confinement. The most the district judge could have done was to have recommended to the prison authorities that a federal sentence be made concurrent with or consecutive to state confinement. Prison authorities need not and do not always follow such recommendations.[3] (*See* Banghart v. Swope (9th Cir. 1949) 175 F.2d 442; Joslin v. Moseley (10th Cir. 1969) 420 F.2d 1204; Helms v. Blackwell (5th Cir. 1966) 367 F.2d 149; United States v. Hough (S.D.Cal.1957) 157 F. Supp 771.)

It is true that the impact of section 3568 is dependent upon a collateral fact, *i.e.,* state confinement, at the time of the federal plea and sentencing. In this regard, however, the situation of a defendant such as Myers is not different from that of a defendant who is subject to a recidivist statute which makes the length of imprisonment depend upon the collateral fact of a prior conviction.

2. The Government relies upon Anderson v. United States (W.D.Okl.1969) 302 F. Supp. 387, aff'd on other grounds, 405 F. 2d 493, which held that Rule 11 does not require trial courts to inform a defendant in state custody at the time he pleads guilty of when his federal sentence will begin. In that case, however, the question of the impact of § 3568 was apparently not raised and the court mistakenly assumed that "determining if a federal sentence is to run concurrent with or consecutive to a state sentence is a part of the sentencing process left to the judgment and discretion of the Judge." 302 F.Supp. at 388.

Opela v. United States (5th Cir. 1969) 415 F.2d 231 held that a federal judge is not required to recite § 3568 to the defendant when he imposes sentence after trial and conviction. That case was concerned with the due process requirement that sentences be certain and not with the requirement that a guilty plea be voluntarily tendered in accordance with Rule 11. Similarly, United States v. Nichols (D.C.Cir. 1971) 440 F.2d 222 held that Rule 11 does not require a defendant in state custody be informed of § 3568 before entering a guilty plea. In that case, however, the defendant's prior state conviction was reversed on appeal and the court concluded that "the court's failure in this regard in no way prejudiced appellant's rights." Myers, in fact, ended up with consecutive sentences.

3. Under 18 U.S.C. § 4082(a) and (b), the Attorney General is charged with designating "the place of confinement where the sentence shall be served." That authority has been delegated to the Bureau of Prisons under 28 C.F.R. § 0.96. According to the circumstances of each case, the designation may or may not be to a state institution where the prisoner is already confined.

Authorities considering the recidivist problem agree that a plea is not voluntary unless the defendant has been advised of the possibility of enhanced punishment based on his prior offenses. (*Cf.* Gannon v. United States (6th Cir. 1953) 208 F.2d 772; 8 J. Moore, Federal Practice ¶ 11.03[3].)

Similarly, the impact of section 3568 upon the length of possible imprisonment is not contingent upon a defendant's subsequent conviction by state authorities. It applies upon his being in state custody at the time of a federal plea and sentencing. Even if he were subsequently acquitted of a pending state charge, his federal term may not begin to run until he is received by federal authorities. His position is thus similar to that of a defendant who is statutorily ineligible for probation or parole, a fact of which the defendant must be informed before a guilty plea may be validly taken. (Munich v. United States (9th Cir. 1964) 337 F.2d 356. Accord, United States v. Smith (7th Cir. 1971) 440 F.2d 521; Bye v. United States (2d Cir. 1970) 435 F.2d 177; Harris v. United States (6th Cir. 1970) 426 F.2d 99; Jenkins v. United States (10th Cir. 1970) 420 F.2d 433; Berry v. United States (3d Cir. 1969) 412 F.2d 189; Durant v. United States (1st Cir. 1969) 410 F.2d 689. *Contra,* Trajillo v. United States (5th Cir. 1967) 377 F.2d 266; Smith v. United States (1963) 116 U.S.App.D.C. 404, 324 F.2d 436.)

Myers' case is not analogous to Hinds v. United States (9th Cir. 1970) 429 F. 2d 1323, upon which the Government relies. We there held that a defendant need not be informed of the possibility of consecutive sentences on several counts of a single indictment prior to pleading guilty, if he is informed of the maximum sentence under each count to which he is pleading. In normal sentencing practice the defendant will expect the court to have the discretion to impose either concurrent or consecutive sentences. It can be argued that a reasonable defendant listening to a recita-

tion of the various maxima would be inclined to total them to determine his possible sentence. At least, he would put on inquiry concerning the possibility of consecutive sentences. (*See* Orr v. United States (6th Cir. 1969) 408 F.2d 1011, 1012.) Myers, however, had no reason to know that the sentencing judge did not have discretion to determine when the federal sentence would begin nor to impose a federal sentence concurrent with any state confinement.

Myers' case is also distinguishable from Brady v. United States (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, McMann v. Richardson (1970) 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, and Parker v. North Carolina (1970) 397 U. S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785. None of those cases dealt with Rule 11. Moreover, in essence what those cases held was that a defendant assumes the risk of ordinary error in his assessment of the law and facts of his case which leads him to plead guilty. The crucial distinction between this case and those is that here the defendant was unaware of the facts which he needed to make an assessment (he didn't know when his federal sentence would begin), while in those cases the defendants knew the basic facts but then claimed their assessment was incorrect (Brady knew that a jury might sentence him to death, but he did not anticipate that the Supreme Court would rule such a sentence unconstitutional; the defendants in *McMann* knew the facts of their confessions but determined not to present the issue to the state courts).

██ The record of the 1963 proceedings amply supports the district court's findings on the section 2255 petition. The Government is, of course, correct that the standards of proof here applicable are those that anteceded McCarthy v. United States (1969) 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 and Heiden v. United States (9th Cir. 1965) 353 F.2d 53, because neither decision is retroactive (Halliday v. United States (1969) 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, Castro v. United States (9th Cir.

1968) 396 F.2d 345). Under pre-*Mc-Carthy* and -*Heiden* law, the Government is allowed to prove that noncompliance with Rule 11 was harmless because the defendant in fact possessed the requisite awareness to enter a voluntary plea. (Munich v. United States, *supra,* 337 F. 2d at 360.) The Government, however, offered no proof on this point.

The order is affirmed.