**Essick McKinley BENDER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 72-2513.**

United States Court of Appeals, Ninth Circuit.

May 2, 1973.

Essick McKinley Bender, in pro. per.

William D. Keller, U. S. Atty., William John Rathje, Vincent J. Marella, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for defendant-appellee.

Before DUNIWAY, HUFSTEDLER, and CHOY, Circuit Judges.

CHOY, Circuit Judge:

Bender appeals the denial without a hearing of his post-conviction petition for relief under 28 U.S.C. § 2255. We affirm.

On November 6, 1967 he pled guilty to violating 18 U.S.C. § 2113(a) and (d), robbery of a savings and loan association with a dangerous weapon. The trial

judge fully complied with the requirements of Rule 11, F.R.Crim.P. to ensure voluntariness of the plea, except that he did not explicitly tell appellant that his federal sentence would not commence until his pending state sentences ran their course. The trial judge did tell him immediately after his plea was accepted that the court was powerless to impose a federal sentence to run concurrently with any state confinement.

On November 27, 1967 the trial judge sentenced appellant to fifteen years imprisonment pursuant to 18 U.S.C. § 4208 (a)(2). The commencement of his federal sentence was delayed by one hundred and four days.

On April 25, 1972 appellant filed his § 2255 petition on the ground that his guilty plea was not made with full understanding of its consequences because he was not advised, prior to pleading, of the delay in the start of his federal sentence. He relies on United States v. Myers, 451 F.2d 402 (9th Cir. 1972). The district court held that *Myers* was not retroactively applicable, but as a matter of grace it reduced appellant's sentence by one hundred and four days.

We agree that *Myers* should not be retroactively applied. The two cases which initiated the prophylactic interpretation of Rule 11 were not applied retroactively. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) was held not retroactive in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Heiden v. United States, 353 F.2d 53 (9th Cir. 1965) was held not retroactive in Castro v. United States, 396 F.2d 345 (9th Cir. 1968). See also *Myers, supra* at 405 of 451 F.2d. This Court also held that the admonishment of unavailability of parole required by Munich v. U. S., 337 F.2d 356 (9th Cir. 1964) was not required to be applied retroactively. Fong v. U. S., 411 F.2d 1181, 1182 (9th Cir.) cert. denied, 396 U.S. 968, 90 S.Ct. 450, 24 L.Ed.2d 434 (1969). The rationale for the *Myers* and *Munich* decisions

was quite similar, with *Myers* relying upon *Munich*.

As to the district court's act of grace in reducing appellant's sentence by one hundred and four days: While that act is of dubious validity,[1] we do not disturb it since the government does not object thereto.

Affirmed.

---

1. See U. S. v. Marchese, 341 F.2d 782, 788 (9th Cir. 1965).