**Kenneth P. GREATHOUSE, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 76–1444.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1977.

Decided Jan. 18, 1977.

Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., on brief for appellant.

Bert Hurn, U. S. Atty., and Robert B. Schneider, Asst. U. S. Atty., Kansas City, Mo., on brief for appellee.

Before LAY and ROSS, Circuit Judges, and WANGELIN,* District Judge.

LAY, Circuit Judge.

After having been convicted on state charges and given a 20-year state sentence, petitioner Kenneth P. Greathouse was indicted for conspiracy and transportation of stolen money in interstate commerce by a federal grand jury. Pursuant to a plea bargain Greathouse entered pleas of guilty to both counts in federal district court and was sentenced to concurrent sentences, 10 years on one count and 5 years on the other,[1] to be served consecutively to the existing Missouri state sentence. Greathouse thereafter sought to vacate his plea of guilty on the ground that it was wrongfully induced by an agreement that his federal sentence could be served concurrently with his state sentence. The federal district court denied relief and petitioner appealed.

Petitioner urges on appeal that: (1) the government and the court failed to comply with the plea bargain; and (2) there was no compliance with Fed.R.Crim.P. 11 because the court failed to explain to petitioner that it could make his sentence consecutive to the existing state court sentence.

At an evidentiary hearing in district court both petitioner and his brother (a co-defendant) testified that the plea bargain included making the federal sentences run concurrently with the existing state court sentence. However, petitioner's attorney testified that neither he, nor anyone in his presence, ever discussed or promised concurrent state and federal sentences with

---

* The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. These were the maximum possible sentences.

petitioner; his brother's attorney testified he had never conveyed any such promise to petitioner; and the sentencing judge submitted letter-testimony that he had not participated in the plea bargain nor discussed the sentencing with anyone. Furthermore, at the time of sentencing the plea bargain was announced without any indication of a promise of concurrent state-federal sentences. At that time petitioner told the judge that no other promises had been made.

■ Based on this evidence the district judge found that:

(1) the plea bargain agreement with Kenneth Greathouse did not include any promise of concurrent sentences; (2) that Kenneth Greathouse was sentenced by [United States District] Judge Collinson on September 12, 1974,[2] in exact accordance with the plea bargain agreement actually made by petitioner Kenneth Greathouse, his counsel and Government counsel; and (3) that petitioner has failed to carry his burden of persuasion that he was not sentenced in accordance with his plea bargain agreement.

*Greathouse v. United States*, Nos. 75 CV 4–W–2 and 75 CV 124–W–2 (W.D.Mo., filed May 19, 1976).

Even though there may be conflicting evidence there exists substantial evidence to support the district court's finding. We conclude that the district judge's findings in this regard are not clearly erroneous.

As a second ground for relief petitioner argues that Fed.R.Crim.P. 11 requires that a plea of guilty be made voluntarily and with full knowledge of the consequences of the plea. He contends that without the knowledge that the sentence to be imposed could run consecutively with the state court sentence which he was currently serving, he cannot be said to have had full knowledge of the sentencing consequences of his guilty plea and his plea was therefore not voluntary.

■ The circuits appear to be divided on the question of whether it is incumbent upon a federal sentencing judge to inform a defendant who is in state custody that the federal judge lacks the power to order concurrent state-federal sentences. Under 18 U.S.C. § 3568 a federal sentence does not commence until a defendant is received in federal custody.[3] A trial judge may recommend to the Attorney General that he designate a state institution as the place of service of a federal sentence in order to make it concurrent with a state sentence being served at that institution, but he has no power to require concurrent sentences. *United States v. Lee*, 500 F.2d 586 (8th Cir.), *cert. denied*, 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974). *See also Gomori v. Arnold*, 533 F.2d 871 (3d Cir. 1976).

The Ninth Circuit has ruled that a federal trial judge must inform a defendant who is in state custody when he enters his guilty plea in federal court of the effect of § 3568 since that circuit believes it to be a direct consequence of the plea. *See United States v. Myers*, 451 F.2d 402 (9th Cir. 1972). Other circuits have held to the contrary. *See Faulisi v. Daggett*, 527 F.2d 305 (7th Cir. 1975);[4] *Wall v. United States*, 500 F.2d 38 (10th Cir.), *cert. denied*, 419 U.S. 1025, 95 S.Ct. 504, 42 L.Ed.2d 300 (1974); and *Tin-*

---

**2.** Actually sentencing took place on October 24, 1974. There is an error in the district court's memorandum.

**3.** 18 U.S.C. § 3568 provides, in part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . .

**4.** In *Faulisi v. Daggett*, 527 F.2d 305 (7th Cir. 1975), the Seventh Circuit distinguishes *United States v. Myers*, 451 F.2d 402 (9th Cir. 1972),

on the ground that the defendant in *Myers* was in state custody pending trial on state charges and had not yet been sentenced. We fail to see the materiality of this factual difference. If the rationale of *Myers* is to be followed it would seem more imperative to inform a defendant who is already serving his state sentence that his federal sentence cannot be ordered to be served concurrently, than it would be to caution a defendant who, although in state custody, has yet to be tried or sentenced.

*dall v. United States,* 469 F.2d 92 (5th Cir. 1972).

Although we have serious doubts whether it is incumbent on the sentencing judge to disclose the effect of § 3568 at the time of the guilty plea, we need not decide, on the present record, whether failure to do so is prejudicial error affecting the voluntariness of the guilty plea.[5] The record shows, by the defendant's own testimony, that he was fully aware of the fact that his federal sentence might be consecutive to his state sentence. Although he testified that he had been promised concurrent sentences, this testimony was discredited by the trial court. Petitioner's attorney testified that he and the petitioner had discussed consecutive and concurrent sentencing and that he told petitioner it was his *opinion* that petitioner would receive concurrent sentences.[6]

More importantly, petitioner did not belatedly discover that the sentences were to be served consecutively. At the time of the actual sentencing the district judge announced that petitioner's federal sentence would be consecutive to his state sentence. Although the trial judge's statement that the sentences would be consecutive was surplusage to the federal sentence[7] nonetheless it is on the record and was made in open court. At the time the sentence was imposed there was no showing that the petitioner objected, expressed surprise or contended that he understood otherwise. Under the circumstances we find that there was no prejudice in petitioner not being informed at the time of his plea that his federal sentence would be consecutive to the state sentence he was then serving.

The judgment is affirmed.

---

5. We agree that it would be beneficial in a guilty plea proceeding for a federal judge to fully inform the defendant of the effect of § 3568 and his lack of power to order the federal sentence to be served concurrently with a state sentence, if for no other purpose than to obviate the filing of post-conviction petitions on that ground.

6. This opinion, of course, was wrong. As we have discussed, the judge did not have the power to order concurrent state-federal sentences. However, a defendant cannot claim coercion undercutting a guilty plea based merely on his reliance on his attorney's *opinion. Cf. United States v. Simpson,* 141 U.S.App.D.C. 8, 436 F.2d 162 (1970), *cert. denied,* 414 U.S. 873, 94 S.Ct. 140, 38 L.Ed.2d 91 (1973).

7. Had the judge said nothing about whether the federal sentences were to run consecutively to or concurrent with the state sentence, the presumption would be that they would be consecutive. *See, e.g., Burwell v. United States,* 353 F.2d 88 (5th Cir. 1965); *Larios v. Madigan,* 299 F.2d 98 (9th Cir. 1962).