UNITED STATES of America, Appellee,

v.

Robert Edward JACKSON, Appellant.

No. 79–1982.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1980.

Decided Aug. 22, 1980.

L. Scott Stafford, Tucker & Stafford, Little Rock, Ark., for appellant.

Robert J. Govar, Asst. U. S. Atty., Little Rock, Ark., argued, George W. Proctor, U. S. Atty., A. Doug Chavis, Asst. U. S. Atty. and Michael Alexander, Legal Intern, Little Rock, Ark., on brief, for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HUNGATE, District Judge.*

PER CURIAM.

Robert Edward Jackson appeals the denial of his petition for a writ of habeas corpus to set aside a plea of guilty. We affirm.

On September 29, 1976, appellant, Robert Edward Jackson, entered a plea of guilty to a charge of bank robbery in violation of 18 U.S.C. § 2113(d). The trial court advised appellant of his rights and found that the appellant knowingly and voluntarily pled guilty. Appellant was sentenced to ten years imprisonment. Appellant filed a pro se motion on June 14, 1979, to reduce or modify his sentence, contending, inter alia, that at the time he had entered his guilty plea he was unaware that his state and federal sentences would not run concurrently.[1] On July 31, 1979, the United States District Court for the Eastern District of Arkansas entered an order construing appellant's pro se motion as a motion for relief under 28 U.S.C. § 2255, habeas corpus.

After an evidentiary hearing, conducted on November 5, 1979, the district court denied the motion to vacate sentence. Appellant now appeals, alleging a variety of trial court errors, which he asserts invalidate his guilty of plea of September 29, 1976.

First, appellant alleges that the trial court should have informed the defendant that it lacks power to order that a federal sentence run concurrently with any state term of imprisonment. Appellant relies on *United States v. Myers*, 451 F.2d 402 (9th Cir. 1972), vacating a sentence resulting from a guilty plea where the trial court failed to notify the defendant, who was already in state custody, that his federal sentence would not commence until his state sentence had run its course.

■ *Myers* is distinguishable from the instant case. In *Myers* the defendant was already in state custody, whereas in the case at bar the defendant was merely on probation from a state offense. Thus, while in *Myers* the trial court knew that the defendant would serve his state sentence (and later the federal sentence then imposed), here the court could not predict what action the state might take after the defendant received a federal sentence. Further, we take judicial notice that federal courts have no jurisdiction to order that sentences on federal and state charges be served concurrently. *Cody v. Mo. Bd. Probation & Parole*, 468 F.Supp. 431 (W.D.Mo. 1979).

Rule 11(c)(1) of the Federal Rules of Criminal Procedure requires the trial judge, before accepting a plea of guilty, to inform the defendant of the maximum penalties for the offenses charged.

Applying Rule 11, the weight of authority holds that consequences which do not relate to the length and nature of a federal sentence are not such direct consequences as need to be addressed prior to the acceptance of a guilty plea. *E. g., Cobb v. United States*, 583 F.2d 695, 697 (4th Cir. 1978); *Kincade v. United States*, 559 F.2d 906, 909 (3d Cir.), *cert. denied*, 434 U.S. 970, 98 S.Ct. 519, 54 L.Ed.2d 458 (1977); *Faulisi v. Daggett*, 527 F.2d 305, 309 (7th Cir. 1975); *Wall v. United States*, 500 F.2d 38, 39 (10th Cir.), *cert. denied*, 419 U.S. 1025, 95 S.Ct. 504, 42 L.Ed.2d 300 (1974).

■ This Court has expressed doubts as to whether a judge must notify the defendant that a federal sentence can only commence when a defendant is in federal custo-

---

* The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. At the time of his guilty plea to the federal charge, appellant was on parole from sentence by the State of Arkansas for convictions for assault with intent to kill, burglary, and grand larceny.

dy. *See United States v. Degand*, 614 F.2d 176, 177–78 (8th Cir. 1980); *Greathouse v. United States*, 548 F.2d 225, 228 (8th Cir.), *cert. denied*, 434 U.S. 838, 98 S.Ct. 130, 54 L.Ed.2d 100 (1977). Therefore, we do not find that Rule 11 requires notification to the defendant, who is on probation from a state offense, of the trial court's inability to order concurrent state-federal sentences.

Next appellant contends that he was not informed by the district court, at the time his guilty plea was accepted, that he had the right to assistance of counsel, the right to confront and cross-examine witnesses, and the right to be free from self-incrimination.

A district court need not follow an exact ritual when complying with the dictates of Rule 11. *Sappington v. United States*, 468 F.2d 1378, 1380 (8th Cir. 1972), *cert. denied*, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973). The rule strips district judges of freedom to decide *what* they must explain to a defendant who wishes to plead guilty, but does not tell them precisely *how* to perform this important task. *United States v. Saft*, 558 F.2d 1073, 1079 (2d Cir. 1977). *See also Todd v. Lockhart*, 490 F.2d 626, 628 n.1 (8th Cir. 1974), holding that there need not be an express articulation of the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination.

The trial transcript shows the first question asked by the trial court was whether the man representing the appellant was employed counsel. The appellant was then asked if in his opinion the attorney had represented him well. When a defendant has admitted that his counsel has represented him well, it seems superfluous to inform him he has the right to be assisted by counsel.

Next, the appellant contends that the district court failed to notify him that he had the right to confront and cross-examine witnesses against him; that he could exercise the privilege not to be compelled to incriminate himself; and that by pleading guilty he waived his right to a jury trial.

The record of the proceedings again reflects a different series of events. The trial judge asked the appellant whether he understood that (1) if he pled guilty this would be his only day in court, and (2) if he chose not to plead guilty, he could have a jury pass judgment on him, which included the right to "call witnesses, and so on."

This Court finds appellant was adequately informed of his rights. The judge set forth what a trial would entail, and advised defendant that by pleading guilty he waived this right. We find substantial compliance with Rule 11 in this cause.

Appellant's reliance on *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is misplaced. In *Boykin* the Supreme Court overturned a state conviction that was based on a guilty plea which failed to show affirmatively that the plea was made intelligently and voluntarily. The record before us portrays a dissimilar situation. Here, the trial court painstakingly ensured that the defendant was made aware of the myriad of rights he possessed and would forfeit in the event he pled guilty. For example, the court insisted that the indictment be read to the appellant, even after he replied "no" to a query of whether he wished the indictment read.

Appellant argues that after his plea of guilty, the trial court commented that he had a right to appeal, casting further doubt as to whether the plea proceedings would be his only "day in court." Immediately after this statement by the trial court, the United States Attorney expressed uncertainty with its accuracy and the district judge corrected himself.

This Court finds sufficient assurance that this guilty plea was the product of a voluntary acknowledgement of culpability for the crime charged. *See United States v. Cammisano*, 599 F.2d 851, 855 (8th Cir. 1979); *United States v. Lambros*, 544 F.2d 962, 966 (8th Cir. 1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).

Before accepting a guilty plea, the trial judge, with the parties and counsel before

him, must always determine how best to advise a defendant of his rights as mandated by Rule 11. Few trial judges have not had the experience, after complying fully with the ritual prescribed in Rule 11, of looking at the defendant and realizing he most certainly failed to comprehend the explanation.

To speak as the trial court here did of defendant's right to a "day in court" may constitute a clearer explanation for the defendant than a verbatim reading of Rule 11 rights—especially where the defendant is represented by counsel fully aware and readily able to assert Rule 11 rights for the defendant. Hasn't everyone experienced the situation where they understood something better before it was explained?

Human liberty is involved. The Court cannot be too cautious in fully complying with Rule 11 to ensure each defendant understands his rights. But, to insist on exactly the same litany for each defendant is to insist that all defendants are the same. The constant goal is to advise the defendant of his rights. A certain deference is due the trial court as long as it is clearly seeking compliance with Rule 11. *See Richardson v. United States*, 577 F.2d 447, 452 (8th Cir. 1978), *cert. denied*, 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979), ruling that noncompliance with formal technicalities of a rule of criminal procedure is not cognizable in a § 2255 proceeding in the absence of prejudice to the defendant.

Reviewing the guilty plea proceedings, the Court finds that the record directly contravenes the majority of alleged errors, and that the trial court's variations from a verbatim compliance with Rule 11 were not of a prejudicial nature. Therefore, the judgment of the district court denying appellant's relief is affirmed.