**U. S. ex rel. Julio CINTRON, Petitioner,**

v.

**Dennis LUTHER, et al., Respondent.**

**No. 81 C 3530.**

United States District Court,
N. D. Illinois, E. D.

July 1, 1981.

Dennis Fisher, Asst. U. S. Atty., Chicago, Ill., for petitioner.

Raymond Pijon, Chicago, Ill., for respondent.

## ORDER

BUA, District Judge.

Before the court is Julio Cintron's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Cintron's petition alleges that he has been unlawfully confined to the Metropolitan Correctional Center (MCC) in contravention of this court's sentencing order.[1]

The facts are not in dispute. On March 9, 1981, Cintron was sentenced to serve 90 days in the custody of the Attorney General to be followed by three years probation after he plead guilty to two counts of mail fraud. 18 U.S.C. § 1341. The judgment specifically stated in part:

> The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of NINETY (90) DAYS on Count 8 of the indictment. Defendant shall reside in and participate in the work release program of the Metropolitan Correctional Center or Community Treatment Center for the Ninety Day period.

The defendant was placed in the work release program at the Community Treatment Center. On May 6, 1981, following a

---

1. The parties have adopted the petition and memoranda mistakenly filed in 80 CR 706.

hearing before the Institution Discipline Committee, defendant was determined to have violated program rules on May 3, 1981 and was removed from the program and incarcerated at the MCC.

The petitioner contends that "the District Court alone has authority to modify and increase the severity of a defendant's sentence. Any such action taken by the Attorney General or his agents violates defendant's rights under the double jeopardy clause of the United States Constitution."

This court disagrees with the characterization by Cintron of the action taken. First, the court notes that work release programs, as authorized by 18 U.S.C. § 4082(c)(2), are operated by the Bureau of Prisons by delegation from the Attorney General, 28 C.F.R. §§ 50.95, 50.96 (1979). This court has searched the statutes and case law in vain for authority for the proposition that a district court may order the Attorney General to place a convicted person in a work release program. It is, moreover, clear from the face of 18 U.S.C. § 4082(a) that the Attorney General or his designee is vested with the discretion to determine the place of confinement where the sentence shall be served. The district court's authority at sentencing in a case such as this is limited to (1) determining the proper term of imprisonment, 18 U.S.C. § 4082(a); (2) determining whether to grant probation on a suspended sentence, 18 U.S.C. § 3651; and (3) determining the time of eligibility for parole, 18 U.S.C. § 4205.

Under the terms of 18 U.S.C. § 4082(c), the Attorney General is authorized to "extend the limits of the place of confinement" by authorizing a prisoner to "work at paid employment . . . in the community." Thus, this court's "judgment and probation/commitment order," in effect, includes a designation of the place where the sentence is to be served. Such a designation can amount to no more than a request or recommendation to the Attorney General based on this court's sentencing objectives and cannot work to limit the discretion of the Attorney General to determine what the location or the "limits of the place of confinement" will be, *United States v. Huss*, 520 F.2d 598 (2d Cir. 1975); *Montos v. United States*, 261 F.2d 39 (7th Cir. 1958); *Myers v. United States*, 319 F.Supp. 326 (D.Cal.1970) *aff'd* 451 F.2d 402 (9th Cir. 1971); *United States v. McIntyre*, 271 F.Supp. 991 (S.D.N.Y. 1967), or under what conditions a prisoner will be allowed to participate in a work release program.

We note that the petition does not allege that Cintron's hearing did not comport with the requirements of the due process clause of the fifth amendment, or that the determination to end Cintron's participation in the work release program was arbitrary, capricious or otherwise constituted an abuse of discretion.

Therefore, since the only contention raised by the petitioner is that the Attorney General's representatives had no authority to remove him from participation in the work release program ordered by this court, and since that part of this court's order which required that Cintron participate in the work release program must be considered to be only a recommendation, the petition is DENIED.