**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN HERMOSILLO-ENRIQUEZ, | No. 09-55833 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01321-JSL-FFM |
| v. | |
| LINDA SANDERS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Submitted February 8, 2011[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

Benjamin Hermosillo-Enriquez ("Hermosillo") appeals the district court's

denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

2241. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253, and we affirm.[1]

The district court did not err when it held the state court's sentencing order—that Hermosillo's state sentence be served concurrently with his federal sentence—had no effect on Hermosillo's federal sentence. We are bound by this court's decision in *Taylor v. Sawyer*, 284 F.3d 1143 (9th Cir. 2002): "[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody." *Id.* at 1150 (quoting *Del Guzzi v. United States*, 980 F.2d 1269, 1272–73 (9th Cir. 1992) (Norris, J., concurring)).

Moreover, Hermosillo is not entitled to any credit against his federal sentence for the time he spent in state custody due to the federal detainer. A defendant "is entitled to credit for the time he otherwise would have been out on bail if (1) the federal detainer had been the sole reason for the denial of bail, and (2) the state failed to credit his state sentence for that time." *Tucker v. Carlson*,

---

[1] Because the parties are familiar with the facts, we recite them here only as necessary.

925 F.2d 330, 332 (9th Cir. 1991) (internal quotation marks omitted); *see also* 18

U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term

of imprisonment for any time he has spent in official detention prior to the date the

sentence commences . . . *that has not been credited against another sentence*.")

(emphasis added).  Even if Hermosillo could prove the federal detainer was the

sole reason he was denied bail, he would not be entitled to credit against his federal

sentence because he received credit on his state sentence for all pre-sentence

detention time.

Finally, Hermosillo is not entitled to habeas relief based on his contention

that his plea was not knowingly and voluntarily made.[2]  Hermosillo's due process

claim is not cognizable in a habeas petition filed against his warden, in the

custodial court, pursuant to 28 U.S.C. § 2241.  *See Hernandez v. Campbell*, 204

F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a

sentence must be filed under § 2255 in the sentencing court, while petitions that

challenge the manner, location, or conditions of a sentence's execution must be

---

[2]  "[T]he guilty plea of a defendant who is subjected to federal prosecution while in state custody is vitiated if the defendant is not made aware that any federal sentence which may be imposed upon him will not begin to run until he is received in federal custody." *Myers v. United States*, 319 F. Supp. 326, 327 (C.D. Cal. 1970), *aff'd* 451 F.2d 402 (9th Cir. 1972); *see also United States v. Neely*, 38 F.3d 458, 459 (9th Cir. 1994).

brought pursuant to § 2241 in the custodial court."). Here, the sentencing court was the United States District Court for the District of New Mexico. We are unable to construe this claim as a § 2255 petition and transfer it to the appropriate district court under 28 U.S.C. § 1631 because the petition would be untimely and no grounds for equitable tolling are alleged.

**AFFIRMED.**