# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1097

_____

United States of America

*Plaintiff - Appellee*

v.

Rodger C. Seratt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: March 2, 2017
Filed: March 14, 2017
[Unpublished]

_____

Before COLLOTON, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

While Rodger Calvin Seratt was serving a two-year term of federal supervised release for a June 2012 conviction, he was charged with several new offenses, and was also arrested for thereby violating the terms of his supervised release. Following

his guilty pleas to the new offenses, the district court[1] sentenced him to concurrent 41-month prison terms for each count, to be served consecutively to an 8-month prison sentence imposed upon revoking his supervised release for the June 2012 conviction. In this pro se appeal, Mr. Seratt challenges the voluntariness of his guilty pleas, and the Guidelines sentencing calculation for the new offenses. We affirm.

Mr. Seratt contends that his pleas to the new offenses were involuntary because–based on statements made at the change-of-plea hearing–he pleaded guilty with the understanding that his sentences for the new offenses would be imposed to run concurrently with any revocation sentence. Based on the following, we conclude Mr. Seratt's plea was knowing and voluntary. At the change-of-plea hearing, Mr. Seratt confirmed that he understood his sentences on the new offenses would be at the court's discretion, that no one had promised him a particular sentence, and that he understood the terms of the plea agreement. The district court also explained that his pleas to the new offenses would result in the revocation of his supervised release for the June 2012 conviction. Mr. Seratt chose to go forward with the pleas after the government told the court it agreed not to object if the court decided to impose concurrent sentences. See Hollis v. United States, 687 F.2d 257, 260 (8th Cir. 1982) (where defendant understands sentencing decision is solely within trial court's discretion and confirms that he understands plea and that no promises were made beyond plea agreement, plea will not be set aside as involuntary); cf. Clemmons v. United States, 721 F.2d 235, 237-38 (8th Cir. 1983) (defendant's "subjective belief," not based on promise, that sentences would be concurrent did not render plea involuntary); Greathouse v. United States, 548 F.2d 225, 228 n.6 (8th Cir. 1977) (guilty plea was voluntary even though counsel told defendant he believed federal court would make federal sentence concurrent with state sentence).

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

We note that after Mr. Seratt chose to go forward with his plea, the district court remarked that its "inclination" would be to impose concurrent sentences. While the remark may have been inadvisable, <u>cf.</u> Fed. R. Crim. P. 11(c)(1), it did not constrain the court's discretionary sentencing power.

Finally, Mr. Seratt's challenges to the district court's Guidelines calculation lack merit. He cannot challenge the 4-level leadership-role enhancement in this court, because he withdrew his objection to it in the district court, <u>see</u> <u>United States v. Thompson</u>, 289 F.3d 524, 526-27 (8th Cir. 2002) (because defense counsel withdrew objections to PSR, defendant was precluded from arguing objections on appeal); and the enhancements for obstruction and amount of loss were supported by unobjected-to facts in the presentence report, <u>see</u> <u>United States v. Brooks</u>, 648 F.3d 626, 629 (8th Cir. 2011) (per curiam) (unless defendant objects to specific factual allegation contained in presentence report, court may accept fact as true for sentencing purposes); <u>United States v. Phelps</u>, 536 F.3d 862, 865 (8th Cir. 2008) (if defendant fails to timely object to procedural sentencing error, it is reviewed for plain error).

Accordingly, we affirm both the conviction and the sentence.

_____