James R. DURHAM, Jr., Petitioner-Appellant,

v.

FEDERAL PRISON INDUSTRIES, and Doctor J. F. Alderete, Respondents-Appellees.

No. 72–1847

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 28, 1972.

James R. Durham, Jr., pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, George H. Connell, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Durham, an inmate of the United States Penitentiary at Atlanta, Georgia, appeals the district court's denial of his claim for accident compensation against the Federal Prison Industries (FPI), 28 C.F.R. § 301.7. Finding no clear error in the ruling below, we affirm.

In the district court, Durham sought $90,000 for accident compensation and back pay arising out of an alleged injury which resulted from his work assignment in the prison's Basket Shop. He claimed that his back was injured sometime between November 16, 1970, and November 20, 1970, when he lifted a 235 pound sewing machine.

■ After correctly concluding that Durham had the right to seek judicial review from the FPI's denial of his claim (5 U.S.C.A. § 702, Abbott Laboratories v. Gardner, 1967, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681), the district court held that "in the absence of a showing that the FPI rendered its decision in disregard of compelling medical evi-

* ■ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409. Part I.

dence, its decision must stand." 5 U.S.C.A. § 706.

 On the basis of all the medical reports filed in response to the complaint, and Durham's failure to produce any objective proof of an injury resulting from his industrial work assignment, the district court did not err in its denial of relief under 28 C.F.R. § 301. The denial of Durham's claim for back wages was similarly proper since the record shows that Durham's own pleadings belie his contention that he has not been paid his industrial wage during the relevant period.

Affirmed.