William Clyde **BERRY**, III, Plaintiff,

v.

**FEDERAL PRISON INDUSTRIES, INC., United States Bureau of Prisons, Accident Compensation Committee, and Edward Levi, Attorney General of the United States, Defendants.**

No. C–75–2300–CBR.

United States District Court,
N. D. California.

Nov. 17, 1977.

William Wood Merrill, Santa Clara, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., Paul J. Fitzpatrick, Asst. U. S. Atty., San Francisco, Cal., for defendants.

MEMORANDUM OF OPINION

RENFREW, District Judge.

For the third time, defendants have moved to dismiss this action for lack of subject matter jurisdiction. Plaintiff seeks a declaratory judgment and an order reversing the decision of defendant Accident Compensation Committee denying his claim for compensation for injuries allegedly suffered while participating in a work program under the supervision and control of defendant Federal Prison Industries, Inc. The first motion to dismiss resulted in dismissal with leave to amend and the filing of an amended complaint alleging jurisdiction under 5 U.S.C. §§ 701–706 and 18 U.S.C. § 4126. A second motion was denied by order of November 10, 1976, in which the Court, in accordance with recent decisions of the Court of Appeals for the Ninth Circuit, found that subject matter jurisdiction was properly based upon the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. On February 23, 1977, the Supreme Court of the United States overturned those decisions, holding that the APA is not to be interpreted as an independent grant of jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192, 45 U.S.L.W. 4209 (1977). Relying on *Califano*, defendants renewed their motion to dismiss. Arguments on the renewed motion were heard October 6, 1977. For the reasons set forth below, the Court concludes that the motion must again be denied.

As the Supreme Court noted in *Califano v. Sanders, supra,* suits challenging the actions of federal officials acting pursuant to federal law generally arise under federal law, and, subject to preclusion-of-review statutes, are now cognizable under 28 U.S.C. § 1331(a) without regard to the amount in controversy. 430 U.S. at 105–106, 97 S.Ct. 980; 28 U.S.C. § 1331(a), as amended, Act of Oct. 21, 1976, Pub.L. No. 94–574, § 2, 90 Stat. 2721.[1] In this case, it is the application of the federal statute and regulations authorizing payment of compensation to inmates for injuries suffered in the course of prison employment, 18 U.S.C. § 4126, 28 C.F.R. Pt. 301 (1976), that gives rise to the action. The principal issues for decision will be governed by those same provisions, under a standard of review prescribed by another federal statute, the APA. 5 U.S.C. § 706. Under these circumstances, it cannot be denied that the action arises under federal law within the meaning of 28 U.S.C. § 1331(a). *See* C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3568, at 464–465 (1975); *cf. Empresa Hondurena de Vapores, S.A. v. McLeod,* 300 F.2d 222, 226–227 (2 Cir. 1962), *vacated on other grounds, McCulloch v. Sociedad Nacional,* 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963); *Marquez v. Hardin,* 339 F.Supp. 1364, 1370 (N.D.Cal.1969). Since defendants are agencies and officers of the United States, no allegation of jurisdictional amount is necessary. 28 U.S.C. § 1331(a).

The only remaining question is whether review is barred by section 10 of the APA, either because the challenged action is committed to agency discretion by law or because a statute precludes review. 5 U.S.C. § 701(a). In its November 10 order, this Court found that neither of the specified conditions obtains in this case. At oral argument on the renewed motion, however, counsel for defendants urged the Court to reconsider its conclusion that 18 U.S.C. § 4126 is no bar to judicial review. After careful consideration of that statute, its legislative history, and the regulations promulgated pursuant thereto, the Court has been unable to find the clear and convincing evidence of congressional intent to preclude review that is necessary to overcome the presumption of reviewability. *Dunlop v. Bachowski,* 421 U.S. 560, 567, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Rothman v. Hospital Service of Southern California,* 510 F.2d 956, 958 (9 Cir. 1975).

Although no court has expressly addressed the questions raised by defendants here, at least three courts have stated that review on the merits of compensation decisions made pursuant to § 4126 is proper. *Thompson v. United States Federal Prison Industries,* 492 F.2d 1082 (5 Cir. 1974); *Durham v. Federal Prison Industries,* 464 F.2d 1026 (5 Cir. 1972) (per curiam); *Davis v. United States,* 415 F.Supp. 1086, 1088 (D.Kan.1976); *Saladino v. Federal Prison Industries,* 404 F.Supp. 1054, 1056 (D.Conn. 1975). Nothing in the language or legislative history of § 4126 provides any evidence to the contrary.[2] Indeed, neither the committee reports nor the congressional de-

---

1. Section 1331(a), as amended, reads as follows:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity."

2. The portion of § 4126 dealing with compensation awards reads as follows:

"The [Federal Prison Industries] corporation, in accordance with the laws generally applicable to the expenditures of the several departments and establishments of the government, is authorized to employ the fund, and any earnings that may accrue to the corporation, * * * in paying, under rules and regulations promulgated by the Attorney General, compensation to inmates employed in any industry, or performing outstanding services in institutional operations, and compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution where confined. In no event shall compensation be paid in a greater amount than that provided in the Federal Employees' Compensation Act."

bates on the bill that established the workmen's compensation remedy, H.R. 9404, 73d Cong., 2d Sess. (1934), mention that remedy at all. The attention of Congress was occupied exclusively by the threat to free labor posed by prison industries and the need to create a new corporate body to administer such industries. *See* H.R.Rep. No. 1421, 73d Cong., 2d Sess. (1934); S.Rep. No. 1377, 73d Cong., 2d Sess. (1934); 78 Cong.Rec. 10150–10171 (1934); 79 Cong.Rec. 11304–11305 (1934); 80 Cong.Rec. 11669, 11778, 11980 (1934).

Nor do the inmate accident compensation regulations promulgated pursuant to § 4126 make any reference to judicial review. 28 C.F.R. Pt. 301 (1976), as amended, 41 Fed. Reg. 55710. The regulation on exclusivity of remedy, cited by defendants, 28 C.F.R. § 301.27, states only that inmates protected by the accident compensation laws are barred from recovery under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, as required by *United States v. Demko,* 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). That the compensation statute is an exclusive remedy in this sense has no bearing on the availability of judicial review to an inmate who has pursued that remedy.

The record is thus devoid of any evidence that either Congress or the officials charged with administering the statute have even considered the question of judicial review, much less possessed the affirmative intent to bar it. Defendants argue, however, that the Congress which enacted § 4126 could not have intended to grant prisoners a remedy available neither to federal employees protected by the Federal Employees' Compensation Act, ("FECA"), 5 U.S.C. §§ 8101–8173, nor, at that time, to citizens in general,[3] *i. e.,* access to the courts for consideration of their claims for personal injury. Again, the language of § 4126 is of little assistance. Although the statute expressly limits the amounts of prisoner awards to those available under the FECA, there is no suggestion that procedural remedies are to be similarly limited. More significantly,

the provision barring judicial review under the FECA, 5 U.S.C. § 8128(b), was not enacted until 1945. Act of July 28, 1945, Ch. 328, § 4, 59 Stat. 504. In 1934, the only language dealing with external review of federal employee compensation awards read as follows:

"In the absence of fraud or mistake in mathematical calculation, the finding of facts in, and the decision of the commission upon, the merits of any claim presented under or authorized by this Act if supported by competent evidence shall not be subject to review by any other administrative or accounting officer, employee, or agent of the United States." Act of June 5, 1924, Ch. 261, § 1, 43 Stat. 389.

It is not clear that this language applied to judicial review at all, but even if it did, there was no absolute bar. At least some questions—fraud, mathematical error, sufficiency of the evidence—could plainly have been raised. Thus, Congress' failure to bar review under § 4126 created no inconsistency in this regard. And since both federal compensation laws expressly created an administrative remedy for individuals employed by the government at a time when no remedies against the United States were available to members of the general public, the availability of judicial review pursuant to those schemes created no further anomaly.

Of course, a scheme under which prisoners are given judicial protection expressly denied other federal employees is somewhat anomalous. Such a congressional purpose is not easily inferred. *United States v. Demko, supra,* 385 U.S. at 152, 87 S.Ct. 382. But this anomaly was not created by congressional inattention to the question of judicial review in 1934, when a vague and exceedingly general mandate for the compensation of injured inmates was enacted. Rather, it was created by deliberate congressional action on the precise issue of judicial review of federal workmen's compensation awards, when, in 1945, Congress added a flat ban on

---

**3.** The Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, was not enacted until 1946.

Legislative Reorganization Act of 1946, Ch. 753, Title IV, 60 Stat. 842.

judicial review to the FECA but failed to make the corresponding change in the similar statute governing prisoner awards. Under such circumstances the Court can only infer that the distinction created was intentional. The remedy for such statutory inconsistencies is not judicial rewriting of the statute Congress failed to amend, but simple congressional action to remedy the deficiency.

Defendants' only remaining argument for preclusion of review is that § 4126 was modeled on the FECA, and therefore should be interpreted to incorporate whatever procedures are currently in effect under that statute. But there is no suggestion in § 4126 or its legislative history that this was the intent of Congress. As the Supreme Court has recognized, the differing circumstances of prisoners and non-prisoners have led to differences in the way the two statutes protect their beneficiaries. *United States v. Demko, supra*, 385 U.S. at 152, 87 S.Ct. 382. Since 1916, federal employees have been entitled to a hearing on their claims, 5 U.S.C. § 8124(b), but until December of 1976 the regulations governing prisoner accident compensation provided for no formal hearing and only limited administrative review procedures, 28 C.F.R. Pt. 301 (1976), Bureau of Prisons Policy Statement 2001.6 (1974). Having in mind that the administrative safeguards provided by the FECA were thought to be impracticable under prison conditions, the 1945 Congress could reasonably have concluded that judicial review was unnecessary under the FECA, but could not be eliminated from § 4126 without licensing unlimited administrative arbitrariness. If the 1976 regulations providing for an evidentiary hearing and formal appeal process in prisoner cases, 41 Fed.Reg. 55710 (1976), have eliminated the rationale for this distinction, it is for Congress, not this Court, to say so.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss is denied.

IT IS HEREBY FURTHER ORDERED that plaintiff is granted leave to amend the First Amended Complaint to allege jurisdiction under 28 U.S.C. § 1331(a).