**Milton SCOTT, Plaintiff,**

v.

**Janet RENO, et al., Defendants.**

**No. CV 93–6217–TJH (RMC).**

United States District Court, C.D. California.

Sept. 25, 1995.

Milton Scott, Riviera, Arizona, pro se.

Michael Johnson, Assistant United States Attorney, Los Angeles, CA, for defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HATTER, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of the United States Magistrate Judge, as well as the objections of defendants, and has made a *de novo* determination of the Report and Recommendation.

IT IS ORDERED that: (1) the Report and Recommendation is APPROVED and ADOPTED; (2) defendants' motion to dismiss plaintiff's *Bivens* claims under the Eighth Amendment for deliberate indifference to his serious medical needs and under the Fifth Amendment for retaliatory transfer is DENIED; (3) defendants' motion to dismiss plaintiff's claim under the Fourteenth Amendment for violation of personal security is GRANTED; and (4) judgment be entered dismissing the action as to defendants United States Department of Justice, the Federal Bureau of Prisons and United States Prison, Lompoc, California.

IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of this

Order and the Judgment of this date on all parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This report and recommendation is submitted to the Honorable Terry J. Hatter, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### BACKGROUND

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis,* filed a *Bivens* [1] complaint on October 14, 1993. By order of the Court, plaintiff's First Amended Complaint ("Complaint") was filed on June 24, 1994. As individual defendants, plaintiff names the warden, various medical workers, supervisors and administrators at the United States Penitentiary (U.S.P.) at Lompoc, California, Kathleen Hawks, the Director of the Federal Bureau of Prisons, Attorney General Janet Reno, the Department of Justice, the Federal Bureau of Prisons, and U.S.P. Lompoc. Plaintiff's claims arise from an injury plaintiff sustained while working in the kitchen at U.S.P. Lompoc, and defendants' subsequent medical treatment of his injury. Plaintiff alleges that on June 6, 1993, he was given an order to move a cart containing 530 pounds of metal sheet pans into the kitchen. A wheel of the cart broke when it hit a hole, causing the metal pans to fall on his leg and pinning plaintiff under the cart. Plaintiff broke his tibia. Plaintiff alleges that defendants knew that the cart and the floor were both defective. (Complaint, par. 25–26). Plaintiff further alleges that, after his fall, defendants initially left him under the cart until they took photographs of the incident (Complaint, par. 28), and defendant N. Pasao, a physician's assistant, merely wrapped plaintiff's leg in an ace bandage, gave plain-

tiff a cane, and told plaintiff that a doctor would examine him the next day. (Complaint, par. 31–32). The following day, June 7, 1993, defendant J. Gonzales, another physician's assistant, is alleged to also have misdiagnosed the injury as a sprain. (Complaint, par. 33–35).

On June 8, 1993, plaintiff had X-rays taken, which showed that his leg was broken. Plaintiff alleges that defendants still did little to alleviate his pain, and that he was issued a wheel chair and told to return to his cell without further treatment. (Complaint, par. 36–37). On June 10, 1993, plaintiff was sent to an outside orthopedic surgeon, who implanted a metal plate and surgical screws in his leg. The surgeon allegedly informed defendants that plaintiff was to be brought back in four to five months to have the metal plate and screws removed. (Complaint, par. 39–40). In December of 1993 and January of 1994, plaintiff complained to prison authorities that the screws in his leg were loose. Instead of having the metal plate and screws removed, plaintiff claims defendants transferred him to Federal Correction Institution (F.C.I.) at Florence, Colorado, to avoid providing proper medical care to him. (Complaint, par. 42–43). As a result of his injury and subsequent treatment, plaintiff alleges that he continues to suffer pain in his leg and will never have full use of his leg. (Complaint, par. 44). Moreover, as of the date of the Complaint, plaintiff alleges he still has the metal plate and screws in his leg. (Complaint, par. 45).

Plaintiff brings claims under the Eighth Amendment for deliberate indifference to his serious medical needs (Complaint, par. 60–63), under the due process clause of the Fifth Amendment for his "retaliatory" transfer to F.C.I. Florence (Complaint, par. 43–45, 56–57), and under the Fourteenth Amendment for the violation of his right to "personal security." (Complaint, par. 58). This action is now before the Court on defendants' motion to dismiss, pursuant to Federal Rules Civil Procedure 12(b)(1) and 12(b)(6).

---

1. *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

## DISCUSSION

### Eighth Amendment Claims:

■ Defendants argue that plaintiff's Eighth Amendment claims must be dismissed due to lack of subject matter jurisdiction in that 18 U.S.C. Section 4126 provides the exclusive remedy for plaintiff's claims. Section 4126 establishes the Prison Industries Fund, which provides "compensation to inmates or their dependents for injuries suffered in any [prison] industry or in any [prison] work activity." Section 4126(c)(4). Regulations establish an administrative scheme for handling Section 4126 claims.[2]

In arguing that plaintiff has only an administrative claim under Section 4126, defendants rely on two lines of cases. The first line of cases holds that where Congress has provided a comprehensive statutory scheme to remedy an injury, the courts should not create a separate remedy under *Bivens* case law for redressing related Constitutional violations. *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *Bush v. Lucas*, 462 U.S. 367, 389, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648 (1983). Applying *Schweiker*, the Ninth Circuit has stated: "The Supreme Court has made clear the propriety of according great deference to Congress in devising remedial schemes.... When Congress has created a statutory remedy for potential harms, the courts must refrain from implying non-statutory causes of actions such as Bivens. In obeying the Court's directive to show deference to Congress, we [have] held ... that if there is some statutory mechanism for remedying harm ... non-statutory claims are barred." *Berry v. Hollander*, 925 F.2d 311, 316 (9th Cir.1991). *See also Janicki Logging Company v. Mateer*, 42 F.3d 561, 564–65 (9th Cir. 1994); *Pereira v. U.S. Postal Service*, 964 F.2d 873, 875–76 (9th Cir.1992); *Kotarski v. Cooper*, 866 F.2d 311, 312 (9th Cir.1989) on remand from 487 U.S. 1212, 108 S.Ct. 2861, 101 L.Ed.2d 897 (1988). Defendants argue that Section 4126 and its implementing regulations set forth a comprehensive statutory scheme; therefore, Section 4126 bars an Eighth Amendment *Bivens* claim arising from work-related injuries.

The second line of cases holds that a prisoner cannot bring claims under the Federal Tort Claims Act ("FTCA") for work-related injuries, as well as related negligence, but must rely on Section 4126. *United States v. Demko*, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); *Wooten v. United States*, 825 F.2d 1039, 1045 (6th Cir.1987); *Thompson v. United States*, 495 F.2d 192 (5th Cir. 1974); *Berry v. Prison Industries, Inc.*, 440 F.Supp. 1147, 1149 (N.D.Cal.1977). Defendants argue that because plaintiff alleges only work-related injuries, and subsequent negligence, in the treatment of those injuries, Section 4126 provides the exclusive remedy; and the claims relating to his injury, and the subsequent acts and omissions by the prison officials, must be dismissed in their entirety.

To the extent that plaintiff alleges injuries arising from his prison work, defendants' are correct. Under *Demko* and the Ninth Circuit's interpretation of *Schweiker*, plaintiff has no *Bivens* claim for work-related injuries. What defendants ignore, however, is that plaintiff alleges more than work-related injuries. Plaintiff also alleges deliberate indifference to his serious medical needs after the injury. He alleges that defendants still denied him access to medical care for approximately 1½ days after prison medical staff improperly diagnosed the injury as a sprain, rather than a broken leg, **and** after discovering the leg was broken. (Complaint, par. 36–39). Plaintiff further claims that despite the surgeon's recommendation to remove the metal plate and screws within four to five months, and despite his repeated requests for their removal, the metal plate and screws remained in his leg as of March 26, 1994. (Complaint, par. 3 and 39–45).

■ The deliberate indifference allegations state claims in addition to those under Section 4126. The denial of adequate medical care subsequent to a work-related injury

---

2. In his opposition brief, plaintiff also asserts a claim for violation of the due process clause of the Fifth Amendment, alleging that the regulations implementing 18 U.S.C. Section 4126 do not afford adequate procedures. This claim, however, is not asserted in the complaint and is not before the Court.

may form the basis of a claim under FTCA, even if such allegations are intertwined with allegations of negligence stemming from work-related injuries. *See Wooten v. United States,* 825 F.2d at 1045. In *Wooten,* plaintiff brought suit under FTCA when his pre-existing back problem was aggravated by performing a prison job for which he was unfit. At trial, plaintiff established that prison officials and medical staff initially failed to provide proper medical evaluation of his injury, and forced him to perform unsuitable jobs, and then repeatedly refused to heed his complaints and disregarded his injury, allowing it to become aggravated to the point that he suffered permanent partial disability. Based on an advisory jury's findings, the trial court held that the government was negligent in thirteen different respects, which encompassed plaintiff's claims of both improper evaluation *and* subsequent, post-aggravation, treatment of his injury. *Id.* at 1043. Post-trial, defendants moved to set aside the verdict and dismiss the complaint on the ground that Section 4126 provided the exclusive remedy for plaintiff's injuries. The Sixth Circuit affirmed the district court's dismissal of the claims relating to the aggravation of the plaintiff's back problem as a result of his job assignment, but reversed the district court's dismissal of the claim of denial of adequate medical care, stating:

"[T]hese acts of negligence related to the failure of prison officials to give Wooten adequate medical care.... The government now seeks to completely avoid responsibility for the actions of these officials by hiding behind Wooten's failure to file suit under Section 4126. The government cannot completely avoid its responsibility to Wooten on this basis. The injuries suffered by Wooten are not all work-related, and he may recover under the FTCA for those injuries that are not work-related."

*Id.* at 1045. The Sixth Circuit remanded the case to the district court to determine which injuries were work-related. *Id.*

■ In this action, plaintiff has not brought his claim under FTCA, but has brought a *Bivens* action under the Eighth Amendment. To the extent plaintiff alleges that defendants acted, or continue to act,

with deliberate indifference to his serious medical needs, plaintiff states a *Bivens* claim under the Eighth Amendment. *Carlson v. Green,* 446 U.S. 14, 19, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Kelley v. Borg,* 60 F.3d 664 (9th Cir.1995); *Hamilton v. Endell,* 981 F.2d 1062, 1067 (9th Cir.1992). Deliberate indifference is more than mere negligence; it constitutes the "unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 104, 97 S.Ct. at 291. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay, or intentionally interfere with medical treatment.'" *Hunt v. Dental Dept.,* 865 F.2d 198, 201 (9th Cir.1989) (quoting *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1984)).

The question of preemption under Section 4126 should be analyzed in a manner analogous to the Supreme Court's analysis of FTCA in *Carlson.* There, the Supreme Court held that allegations of deliberate indifference to a federal prisoner's serious medical needs stated a claim under *both* FTCA and the Eighth Amendment in a *Bivens* action. The Court reasoned that Congress had not intended that FTCA be the exclusive remedy. *Carlson v. Green,* 446 U.S. at 20–23, 100 S.Ct. at 1472–74. Further, the Court explained that a *Bivens* remedy is more effective for several reasons: It serves a deterrent purpose by allowing recovery against individuals and the possibility of punitive damages; it provides for a jury trial; and it allows a plaintiff to bring a cause of action for a greater range of misconduct than FTCA. *Id.*

Unlike FTCA, the legislative history of Section 4126 sheds no light on Congress's intention regarding preclusive effect. *See Berry v. Federal Prison Industries,* 440 F.Supp. at 1148–49. Nonetheless, a *Bivens* action, with its potential for deterrence, will provide plaintiff a more effective remedy for an Eighth Amendment violation than an administrative action under Section 4126, a statute that is a worker's compensation act. Under the *Wooten* and *Carlson* rationales, defendants cannot shield themselves from responsibility for deliberate indifference to

plaintiff's serious medical needs by pointing to the fact that plaintiff's initial injury occurred during the performance of prison work. Accordingly, to the extent that plaintiff alleges deliberate indifference to his medical needs, plaintiff states a claim under the Eighth Amendment in a *Bivens* action.[3]

**Due Process Claim Relating to Transfer To Colorado:**

■ Plaintiff also brings a claim under the due process clause of the Fifth Amendment challenging his allegedly improper transfer from U.S.P. Lompoc to F.C.I. Florence. (Complaint, par. 43–45). Plaintiff alleges that the transfer was improper because it was carried out in retaliation for his demands to receive medical treatment. (Complaint, par. 43–45). Defendants contend that this allegation fails to state·a cause of action.

■ An inmate has no federally protected right to be confined in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 247, 103 S.Ct. 1741, 1746, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). "There is no question of the authority of the Attorney General to designate the place where one convicted of a federal crime shall serve his sentence, 18 U.S.C. section 4082(b), 28 C.F.R. $0.96(c) [sic], absent action which is arbitrary and capricious. *United States v. Myers*, 451 F.2d 402, 404 n. 3 (9th Cir.1972). Likewise, we have consistently rejected allegations that nonconsensual transfers of prisoners were per se violative of either due process or equal protection rights." *Stinson v. Nelson*, 525 F.2d 728, 730 (9th Cir.1975). *Accord: United States v. Doe*, 734 F.2d 406, 407 (9th Cir.1983); *Floyd v. Henderson*, 456 F.2d 1117, 1119 (5th Cir. 1972).

■ Prison officials, however, may not transfer a prisoner for a constitutionally impermissible purpose. *Myers*, 451 F.2d at 404 n. 3. In *Fajeriak v. McGinnis*, 493 F.2d 468 (9th Cir.1974), the Ninth Circuit held ˙that

prisoners' allegations that they were transferred to penalize them for religious beliefs stated a claim for relief. Retaliation for the exercise of a prisoner's constitutional rights is impermissible under federal law. *See Hines v. Gomez*, 853 F.Supp. 329, 330–31 (N.D.Cal.1994) (prisoner pursuing a legal action against prison officials is exercising his First Amendment right to petition the government for the redress of grievances, and the alleged retaliation for the proper exercise of this right states a claim under federal law) (collecting authority and citing to, *inter alia, Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310 (9th Cir.1989); *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir.1989); *Wildberger v. Bracknell*, 869 F.2d 1467 (11th Cir. 1989); *Franco v. Kelly*, 854 F.2d 584 (2d Cir.1988); *Wolfel v. Bates*, 707 F.2d 932 (6th Cir.1983)). Because plaintiff alleges that he was transferred in retaliation for demanding medical treatment, he has stated a claim under the Fifth Amendment in a *Bivens* action.

**Fourteenth Amendment Claim:**

■ Plaintiff has attempted to state a claim under the Fourteenth Amendment for violation of his right to "personal security." Because the Fourteenth Amendment applies only to persons acting under color of state law, and defendants are all federal employees, plaintiff has failed to state a cognizable claim.

**Defendants:**

■ Plaintiff named as defendants several individuals, as well as the United States Department of Justice, the Federal Bureau of Prisons, and U.S.P. Lompoc, California. On August 24, 1994, the Court ordered the United States Marshal to serve process on the named defendants in their individual capacities, but did not order service of process

---

3. Under the analogous Federal Employees Compensation Act ("FECA"), 5 U.S.C. Section 8101 et seq., courts have held that plaintiffs may bring claims for employment-related injuries that fall outside the scope of the act under FTCA or other appropriate statutes. *Sheehan v. United States,*

896 F.2d 1168, 1173–74 (9th Cir.1990) (claim for negligent infliction of emotional distress); *DeFord v. Secretary of Labor*, 700 F.2d 281, 290–91 (6th Cir.1983) (claim based on unlawful employment discrimination).

on the governmental institutions. Service of process has been completed on defendants Kathleen Hawks, Warden J.D. Swinson, Massey, Hester, Lt. Tarido, Quency Heck, N. Pasao and D. Beye in their individual capacities; however, the United States Marshal has not yet served defendants Janet Reno, Clark, T. Scheidal, and J. Gonzales.[4] Institutional defendants may not be sued without their consent. *Daly–Murphy v. Winston,* 837 F.2d 348, 355–56 (9th Cir.1987). In this case, the Court has not ordered service of process on the institutional defendants, and they have not been timely served with process. Thus, the complaint should be dismissed against them.

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting the Report and Recommendation; (2) denying defendants' motion to dismiss plaintiff's *Bivens* claims under the Eighth Amendment for deliberate indifference to his serious medical needs and under the Fifth Amendment for retaliatory transfer; (3) granting defendants' motion to dismiss plaintiff's claim under the Fourteenth Amendment for violation of personal security; and (4) directing that judgment be entered dismissing the action as to defendants United States Department of Justice, the Federal Bureau of Prisons and United States Prison, Lompoc, California.

DATE: August 16, 1995.

---

4. Fed.R.Civ.P. Rule 4(m) requires service of process within 120 days of filing the complaint. However, a *pro se* indigent plaintiff cannot be penalized for the United States Marshal's failure to serve process as ordered by the Court. *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir.1993); *Puett v. Blandford,* 912 F.2d 270 (9th Cir.1989). Thus, the United States Marshal shall continue attempts to serve these defendants or counsel for defendants may accept service on their behalf.