Richard I. BARBER

v.

William GROW.

Civil Action No. 94–CV–5858.

United States District Court,
E.D. Pennsylvania.

June 10, 1996.

---

Richard I. Barber, Cumberland, MD, for plaintiff.

Virginia Gibson–Mason, U.S. Attorney's Office, Civil Division, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Defendant William Grow has filed a Motion to Dismiss Plaintiff Richard I. Barber's claims against him. These claims are asserted under the Eighth Amendment of the United States Constitution via a *Bivens* claim and a 42 U.S.C. § 1983 claim. Grow's Motion also includes an alternative request for Summary Judgment and a request to substitute the United States as Defendant on any claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1994) (FTCA) and then to dismiss those claims as jurisdictionally premature.

■ Barber is an inmate in a federal prison; he represents himself *pro se* in this action. For that reason, we hold his pleadings to a less stringent standard than that applied to lawyers. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). In response to this Motion he has filed a response, an affidavit and a statement of disputed factual issues.

According to Barber's Amended Complaint, in July, 1994, he was an employee of Unicor, the federal prisoner employment corporation. Grow was Barber's supervisor. One day, Barber was performing his job duties while seated in Grow's swivel desk chair. At some point, Grow approached Barber from behind and "without speaking a word and unseen by [Barber], did violently jerk the chair out from under [Barber]." Am. Complaint ¶ 6. This allegedly caused Barber to fall, and resulted in broken skin, lacerations and severe bruising to his right forearm and right knee. Also according to the Amended Complaint, Grow's action was unnecessary and wanton.

■ In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988). As the following discussion makes clear, we resolve this motion under Fed.R.Civ.P. 12(b)(6) and so do not relate the standard for judging a summary judgment motion.

## DISCUSSION

Grow asserts that this Complaint is rightfully dismissed for a number of reasons. First, that Barber is limited to the relief provided for in the Federal Prison Industries Act, 18 U.S.C. §§ 4121–4128 (1985 & Supp. 1996), second, that Barber has failed to state an Eighth Amendment claim and finally, that the United States is the proper defendant and that Barber has failed to exhaust his administrative remedies under the FTCA.

### Eighth Amendment Claims

■ First, we disagree that 18 U.S.C. § 4126 of the Federal Prison Industries Act is Barber's exclusive remedy in this action. It is true that § 4126 generally provides the exclusive remedy for injuries sustained by working prisoners. *United States v. Demko,* 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). This is because § 4126 is a statute designed to provide worker's compensation-type remedies to employee-prisoners. *Id.* at 151–52, 87 S.Ct. at 383–85. At least one authority has held, however, that this statute does not apply to injuries sustained as the result of intentional conduct. *Scott v. Reno,* 902 F.Supp. 1190, 1193 (C.D.Cal.1995). Here, a fair reading of Barber's Amended Complaint demonstrates that Barber alleges that Grow intended to injure Barber. For this reason, we rule that Barber's claim is not pre-empted by § 4126.

■■ That being said, we now turn to Barber's Amended Complaint to determine whether it states an Eighth Amendment claim. Barber alleges that Grow intentionally pulled a chair out from under him. The Eighth Amendment guards against "the 'unnecessary and wanton infliction of pain.'" *Ingraham v. Wright,* 430 U.S. 651, 670, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)). Whether an act is wanton varies depending on the exigency of the situation. *Wilson v. Seiter,* 501 U.S. 294, 302, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991). For this reason, even serious harm, such as a gun-shot wound, can be Constitutionally inflicted so long as the harm is inflicted with a good

intent, such as to suppress a prison riot. *Whitley v. Albers*, 475 U.S. 312, 326, 106 S.Ct. 1078, 1087–88, 89 L.Ed.2d 251 (1986).

In contrast, any injury, even if insignificant, violates "contemporary standards of decency," and therefore the Eighth Amendment, if it is the result of a "malicious[ ] and sadistic[ ] use [of] force." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). It is important to remember, though, that not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). What is enough to support a common law tort claim is not necessarily enough to support an Eighth Amendment claim. *Brown v. Vaughn*, No. 91–2911, 1992 Westlaw 75008 (E.D.Pa. March 31, 1992) (citing *Williams v. Mussomelli*, 722 F.2d 1130, 1133 (3d Cir. 1983)). The Constitution accepts a *de minimis* amount of force so long as that use is "not of a sort ' "repugnant to the conscience of mankind." ' " *Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000 (citations omitted). In addition, several courts have held that isolated and unauthorized incidents do not violate the Eighth Amendment. *See e.g. Duckworth v. Franzen*, 780 F.2d 645, 652 (7th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986); *George v. Evans*, 633 F.2d 413, 416 (5th Cir.1980); *Johnson*, 481 F.2d at 1032.

We compare this case with *Hudson*, where the Court found an Eighth Amendment claim. There, the inmate was beat by two prison guards while he was shackled and hand-cuffed. A prison supervisor observed the beating but simply told the guards not to "have too much fun." 503 U.S. at 2, 112 S.Ct. at 995–97. The Court held that this conduct, in combination with the less than severe, but more than minor, nature of plaintiff's injuries constituted an Eighth Amendment violation.

In contrast, courts in this district have frequently dismissed claims for their failure to allege more than minimal injury or the requisite state of mind. *Collins v. Bopson*, 816 F.Supp. 335, 340 (E.D.Pa.1993) (any inju-

ries sustained by being held up against a wall were *de minimis* ); *Brown*, 1992 Westlaw 75008 (guard struck plaintiff on chest and spit on him); *Lenegan v. Althouse*, No. 87–6820, 1988 WL 55243, 1988 U.S.Dist.Lexis 4959 (E.D.Pa. May 25, 1988) (guard pulled plaintiff's ear and hair and struck back of plaintiff's head).

Barber alleges that Grow's alleged conduct was unauthorized and he does not allege that this type of occurrence happened more than once. In addition, he alleges that his injury consisted of some cuts and bruises to his arm and knee. Based on this, and taking all Barber's allegations as true, we find that under no set of facts could a reasonable jury find that Grow's alleged intentional behavior was wanton. Pulling a chair out from under someone is childish and stupid, but it is not "repugnant to the conscience of mankind." This is especially so when it was a one-time occurrence and when the injuries were minor. Like Judge Broderick in *Lenegan*, we believe Grow's alleged conduct demonstrates "clearly inappropriate conduct by prison guards, [but] does not rise to the level of a constitutional violation." 1988 WL 55243, 1988 U.S.Dist.Lexis 4959.

After viewing Barber's Amended Complaint in the light most favorable to him, we hold that he has not stated a claim of cruel and unusual punishment. For this reason, we dismiss his Eighth Amendment claims under 42 U.S.C. § 1983 and *Bivens*.

*Federal Tort Claims Act*

Grow argues that this Court should also dismiss any claims that could be asserted under the Federal Tort Claims Act. The FTCA provides the exclusive remedy for torts committed by federal employees. 28 U.S.C. § 2679(b)(1); *Castro v. United States*, 34 F.3d 106 (2d Cir.1994). Like most "exclusive" remedies, there are a number of exceptions that apply to this act. First, the FTCA expressly provides that it does not apply to any claim arising out of assault, battery, or several other intentional torts. 28 U.S.C. § 2680(h). This seemingly broad exclusion is restricted, however, by allowing relief when those intentional torts are committed by investigative or law enforcement officers. *Id.*

These officers are defined as those who are "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

Here, Barber contends that Grow, a federal employee, assaulted and/or battered him. Under the FTCA, therefore, Barber has an intentional tort claim only if Grow is an investigative or law enforcement officer. This Court cannot determine Grow's status from the Amended Complaint or the evidence proffered in support of the Motion for Summary Judgment. Because Barber has failed to make allegations to support a claim under 28 U.S.C. § 2860(h), we must dismiss this claim.

If, however, Grow's version of the facts is true, that is, if Grow negligently moved the chair in which Barber sat, then Barber would have a claim under the general rule, 28 U.S.C. § 2679. However, Barber has not pleaded facts to support this version of an FTCA claim and so we dismiss it as well.

A final hurdle faces Barber with respect to his FTCA claims. 28 U.S.C. § 2675 only permits an FTCA claim for money damages for injuries to proceed in court if the plaintiff first presented the claim to the appropriate Federal agency and had that claim rejected. There are no allegations that Barber has submitted his claim to the appropriate Federal agency and had his claim rejected, and so we must dismiss on this ground as well. If Barber had been able to make the appropriate allegations, we would have then substituted the United States as Defendant. 28 U.S.C. § 2679(d)(1).

*Conclusion*

In summary, we dismiss Barber's claims under the Eighth Amendment for failure to state a claim upon which relief can be granted. Accordingly, we dismiss Barber's Eighth Amendment allegations with prejudice. With respect to Barber's tort claims, if Barber has submitted his claim to the appropriate Federal agency and been rejected, then he can amend his complaint to reflect this and then sue under the FTCA for assault and/or battery if Grow was an investigative or law enforcement officer, or for negligence if Grow was not. Without such allegations, we must dismiss his tort claims, but do so without prejudice.

An appropriate Order follows.

### ORDER

AND NOW, this 10th day of June, 1996, upon consideration of Defendant William Grow's Memorandum in Support of his Motion to Dismiss, or in the Alternative for Summary Judgment, to Substitute the United States of America and to Dismiss Without Prejudice the United States of America for Failure to Exhaust Administrative Remedies and response thereto, and in accordance with the attached Memorandum, the Motion is hereby GRANTED and Barber's Eighth Amendment claims are hereby DISMISSED WITH PREJUDICE and his tort claims under the Federal Tort Claims Act are hereby DISMISSED WITHOUT PREJUDICE.