Blackcloud v. Cunningham          CV-96-105-JD  04/22/97

UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


<u>Robert Blackcloud</u>

        v.                                Civil No. 96-015-JD

<u>Michael Cunningham,</u>
<u>Warden, et al.</u>


                              O R D E R


     The pro se plaintiff, Robert Blackcloud, brought this action

under 42 U.S.C. § 1983 against Leonard Kinney, a corporal in the

New Hampshire State Prison.[1]  Before the court is the defendant's

motion for summary judgment (document no. 35).


                           <u>Background</u>[2]

     On December 23, 1995, the plaintiff, an inmate at the New

Hampshire State Prison, had a visitor.  Following the visit, in

accordance with prison policy, the plaintiff was subjected to a

routine strip search for contraband prior to his return to the

general prison population.  The plaintiff got in the end of the

line of prisoners waiting to be searched.

_____

     [1]The plaintiff voluntarily dropped his claims against Warden
Michael Cunningham.

     [2]The court considers all genuinely disputed issues of fact in
the light most favorable to the plaintiff for the purposes of
resolving the instant motion.

The defendant called the plaintiff to be searched ahead of other prisoners in the line. The plaintiff went into the room where the searches were being conducted. In addition to the defendant, three other guards were present searching other inmates.

The defendant began supervising the plaintiff's search, but was not pleased with the pace set by the plaintiff. He informed the plaintiff that the search would proceed at the pace set and in the manner desired by the defendant, and not the plaintiff. The procedure for displaying hair in such a searh is for the prisoner to run his fingers through it, fanning the hair out and separating the strands of hair. The plaintiff's hair was long, and the defendant was dissatisfied with the way the plaintiff was displaying the upper portion of it.

The defendant first verbally instructed the plaintiff how properly to display his hair. When this did not achieve the desired result, the defendant took off his hat and demonstrated on his own hair what the plaintiff should do. When this also failed to achieve the desired result, the defendant made contact with the plaintiff.

The parties dispute the extent of the contact. The defendant claims that he only ran his fingers through the plaintiff's hair three or four times and that he may, though he

doubts it, have touched the plaintiff's scalp incidental to this contact. The plaintiff, on the other had, asserts that the defendant slapped him on the head three times. Both parties have provided the statements of witnesses that corroborate their stories. It is undisputed both that at the time of the contact the plaintiff was bending forward with his head tipped forward and that the defendant lost patience with what he perceived as the plaintiff's uncooperative behavior. Both parties raised their voices during the incident. After the incident the defendant apologized to the plaintiff for touching him, but the plaintiff asserts that the apology was undercut by the defendant's threatening manner.

The plaintiff did not seek medical treatment after the incident, and according to the defendant, suffered no injury. The plaintiff appears to assert that he suffered pain, as evidenced by his statement that "plaintiff feel[s] that each individual has the right to decide exactly how they suffered and, the pain they experienced and live with, from being slapped across the . . . head and face." Plaintiff's Objection to Defendant's Motion for Summary Judgment, ¶ 9. The plaintiff has not provided, however, any competent evidence that he suffered any injury other than pain.

On January 9, 1996, the plaintiff brought this action

3

alleging that the defendant, in both his official and individual capacities, violated the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by striking him on the head during the search.[3]  The defendant has moved for summary judgment on the plaintiff's claim.

## Discussion

The role of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required."  Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993) (quoting Wynne v. Tufts Univ. Sch. of Medicine, 976 F.2d 791, 794 (1st Cir. 1992)).  The court may only grant a motion for summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

---

[3]The plaintiff also claims that the same conduct violated his rights under the Fourteenth Amendment.  The defendant, however, has treated the two claims as if they were the same and the plaintiff has not objected to this characterization.  Because the Fourteenth Amendment provides "no greater protection" than the Eighth Amendment to prisoners challenging the unnecessary and wanton infliction of pain, the court considers the plaintiff to have elected to proceed under the Eighth Amendment.  See Whitley v. Albers, 475 U.S. 312, 327 (1986); see also Risdal v. Martin, 810 F. Supp. 1049, 1050 n.1 (S.D. Iowa 1993).

4

as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of establishing the lack of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 227-28 (1st Cir. 1992). The court must view the entire record in the light most favorable to the plaintiff, "'indulging all reasonable inferences in that party's favor.'" Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)). However, once the defendant has submitted a properly supported motion for summary judgment, the plaintiff "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).

The plaintiff has brought his § 1983 claim against the defendant in both the defendant's official and individual capacities.[4] However, state actors acting in their official

---

[4]Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

5

capacity are not subject to monetary liability under § 1983 because they are not "persons" within the meaning of the statute. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Therefore, the court dismisses the plaintiff's action against the defendant in his official capacity and considers only his claim against the defendant in his individual capacity. See id.

The Eighth Amendment prohibits cruel and unusual punishment. To demonstrate a violation of the Eighth Amendment based on excessive use of force in a prison setting, a plaintiff must show that the defendant used force "maliciously and sadistically" to cause harm rather than to maintain discipline. Hudson v. McMillian, 503 U.S. 1, 7 (1992). As the Supreme Court has stated:

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated. This is true whether or not significant injury is evident. . . . . That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

---

injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983 (West 1994).

6

<u>Hudson</u>, 503 U.S. at 9 (citations omitted).  As Judge Friendly noted in <u>Johnson v. Glick</u>:

> [T]he constitutional protection [of the Eighth Amendment] is nowhere nearly so extensive as that afforded by the common law tort action for battery . . . .  Not every push or shove, even if it later may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

481 F.2d 1028, 1033 (2d Cir. 1973); <u>see also</u> <u>Barber v. Grow</u>, 929 F. Supp. 820, 823 (E.D. Pa. 1996) ("What is enough to support a common law tort claim is not necessarily enough to support an Eighth Amendment claim.").

The factual dispute in this case, while genuine, only requires a trial if it is also material, i.e., if it could change the outcome of the dispute.  Here, however, even accepting the plaintiff's version of events, the defendant's conduct represented only a <u>de minimis</u> use of force that did not violate the Eighth Amendment.  No reasonable fact finder could conclude that the defendant's conduct, even if it might constitute a common law tort, rose to the level of an Eighth Amendment violation.  <u>See</u> <u>Black Spotted Horse v. Else</u>, 767 F.2d 516, 517 (8th Cir. 1985) (injury to leg, poking, and belligerent comments "may amount to a battery . . . but is not a constitutional violation"); <u>Malloy v. DeFrank</u>, No. 95 CIV.9122 AJP PKL, 1996 WL 631725, at *5 (S.D.N.Y. Oct. 31, 1996) (push in the back was not

7

Eighth Amendment violation) (collecting similar cases); Barber v. Grow, 929 F. Supp. 820, 823 (E.D. Pa. 1996) ("Pulling a chair out from under someone [resulting in cuts and bruises] is childish and stupid, but it is not 'repugnant to the conscience of mankind.'"); Risdal v. Martin, 810 F. Supp. 1049, 1056 (S.D. Iowa 1993) (taunting and jostling did not constitute Eighth Amendment violation); Collins v. Bopson, 816 F. Supp. 335, 340 (E.D. Pa. 1993) (medical evidence of minimal physical injury indicated force, if used, was de minimis as a matter of law); Friedman v. Young, 702 F. Supp. 433, 436 (S.D.N.Y. 1988) ("the line between a pat down and a fondle is too insubstantial to support the burden of supporting a claim for constitutional tort"). The most favorable inference to which the plaintiff is entitled is that the defendant, while engaged in the legitimate penalogical function of attempting to obtain the plaintiff's compliance with the prison's admitted valid strip search procedure, exceeded the scope of the force which he was entitled to employ. While this may constitute a state law tort and certainly reflects poor judgment by the defendant, it is insufficient, as a matter of law, to support a claim of a constitutional violation.[5]

_____

[5]The court notes that the prison administration did not disregard the plaintiff's complaint. The complaint was subjected to administrative review and investigation, as a result of which the defendant was transferred from his visiting room assignment.

8

Therefore, the court grants summary judgment to the defendant on the plaintiff's Eighth Amendment claim against him in his individual capacity.

## Conclusion

For the reasons stated above, the defendant's motion for summary judgment (document no. 35) is granted.  The clerk is ordered to close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

April 22, 1997

cc:  Robert Blackcloud
     Suzanne M. Gorman, Esquire

9