Richard F. GREEN, Plaintiff,

v.

William THORYK, et al., Defendants.

Civil Action No. 98–6311.

United States District Court,
E.D. Pennsylvania.

Dec. 16, 1998.

Richard E. Green, Frackville, PA, plaintiff pro se.

### MEMORANDUM AND ORDER

KATZ, District Judge.

Plaintiff Richard Green brings this complaint under 42 U.S.C. § 1983 alleging violations of his rights by various prison personnel during his incarceration. Taken most generously, plaintiff's complaint alleges that defendant Thoryk, a guard at the prison at which the plaintiff is incarcerated, directed verbal abuse at him and refused to let the plaintiff out of his cell on two occasions when other inmates were released for showers and recreation. *See* Compl. ¶¶ 15, 18, 22. The most serious specific allegation included in the complaint is that defendant Thoryk or defendant Crain, also a prison guard, either threw a block of soap at the plaintiff or laughed when others did so. *See* Compl. ¶ 25. The plaintiff also contends that the prison administration officials ignored this harassment.

*Discussion*

Pursuant to 28 U.S.C. § 1915, this court may dismiss cases on its own motion in certain situations. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted ... or seeks monetary relief against a defendant who is immune from such relief." *Id.* at (e)(2)(B) (internal punctuation omitted); *see also Johnstone v. United States,* 980 F.Supp. 148, 150 (E.D.Pa. 1997) (noting expanded power of court to dismiss actions on its own motion). To bring a claim for relief under section 1983, the plaintiff must allege that some person has deprived him *Johnstone v. United States,* 980

F.Supp. 148, 150 (E.D.Pa.1997) (noting expanded power of court to dismiss actions on its own motion). To bring a claim for relief under section 1983, the plaintiff must allege that some person has deprived him of a federal right, and that the person causing such deprivation acted under color of state law. *See, e.g., West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Because none of the plaintiff's claims meet this basic burden and thus violate the requirements of the statute, the court will dismiss the complaint.

### Defendant Thoryk

 The plaintiff's claims against defendant Thoryk fail because Officer Thoryk's actions are either protected by qualified immunity or do not rise to the level of a cognizable constitutional violation. Initially, the official capacity suit against defendant Thoryk must fail because neither "bad language," *see* Compl. ¶ 15, nor refusing to permit the defendant to leave his cell on two individual occasions, *see id.* ¶¶ 18, 22, qualify as a violation of a clearly established right of which a reasonable person should have known, the standard necessary to overcome qualified immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). While the actions in question need not violate a specific law, "in light of pre-existing law, the unlawfulness must be apparent." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (citations omitted); *see also Grant v. City of Pittsburgh,* 98 F.3d 116, 121 (3d Cir.1996) (reiterating *Anderson*'s standards and stressing that courts must analyze the specific conduct alleged). Neither of the incidents in the complaints would so qualify.

 Alternatively, none of the incidents are cognizable deprivations whether viewed as either Eighth Amendment or Equal Protection violations. First, verbal threats without subsequent harm or threat of harm do not ordinarily rise to the level of a section 1983 deprivation. *See, e.g., Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir.1992) (stating that verbal threats do not qualify as a section 1983 violation); *Holt Cargo Systems, Inc. v. Delaware River Port Auth.,* 20 F.Supp.2d 803, 834 (E.D.Pa.1998) (same). Neither do two instances in which a prisoner was barred from leaving his cell for a brief period of time. While longer periods of confinement or confinement without necessities would in some circumstances qualify as a section 1983 violation, considering the totality of the claims, these two finite incidents do not qualify as a constitutionally redressable deprivation. Finally, even assuming that throwing (or permitting someone else to throw) a bar of soap at an inmate would not be protected under the qualified immunity rubric, this injury suffered by the plaintiff does not rise to the level of an Eighth Amendment violation. The Eighth Amendment protects prisoners from the " 'unnecessary and wanton infliction of pain,' " *Barber v. Grow,* 929 F.Supp. 820, 822 (E.D.Pa.1996), *quoting Ingraham v. Wright,* 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (other citations omitted), but actions that may be sufficient to create a common law tort cause of action are not necessarily enough to support a constitutional action. *See id.* at 823 (granting 12(b)(6) motion on Eighth Amendment claim that alleged that a guard intentionally yanked a chair out from under an inmate, causing minor injuries); *Williams v. Mussomelli,* 722 F.2d 1130, 1133 (3d Cir.1983) (stating generally that an Eighth Amendment claim is not equivalent to a common law tort claim). As noted in *Barber,* this district has frequently dismissed claims for "their failure to allege more than minimal injury or the requisite state of mind." *Id.* In this case, the defendant does not allege harm; indeed, he does not even clearly allege that he was hit by the soap. *See* Plf.'s Ex. D.

### Defendant Crain

 The claims against defendant Crain are similarly insufficient. The only allegation made against defendant Crain is that he was present at the soap-throwing incident. *See* Compl. ¶ 25. As noted, this does not rise to the level of an Eighth Amendment violation, and both the individual and official capacity suits against him must be dismissed.

*Defendants Michaels, Delazio, and Wetzel*

█ Plaintiff claims that defendants Michaels, Delazio, and Wetzel are subject to suit because they failed to take disciplinary action to curb or to report the harassment suffered by the plaintiff. *See* Compl. ¶ 41. Again, under the analysis of *Harlow*, it cannot be said that these defendants violated a clearly established right of which they should have known. The plaintiff's own exhibits reveal that an investigation of the alleged abuse was undertaken and that it was found to be meritless. *See* Plf.'s Ex. D. Refusal to provide redress for baseless claims does not violate a clearly established right.

*Defendants Dragovich, Horn, and Mooney*

█ The claims against defendants Dragovich, Horn, and Mooney are apparently based solely on a *respondeat superior* theory: the Complaint states that these individuals, all administrators of the state prison system, failed to investigate the plaintiff's grievances. *See* Compl. ¶ 42. There is no *respondeat superior* liability under section 1983, *see Monell v. Dep't. of Social Serv. of City of New York*, 436 U.S. 658, 690–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and a defendant may recover only if there is official involvement or acquiescence in an unconstitutional policy or custom. *See id.* In this case, plaintiff brings suit against these officials in their *respondeat superior* role based solely on the claim that they did not halt the actions taken by Officers Thoryk and Crain and their supervisors. As those actions violated no constitutional command, the actions of officials who are not even alleged to have known about those events likewise cannot rise to the level of an unconstitutional action. Consequently, the suit against these officials is also dismissed for failure to state a claim upon which relief can be granted.

An appropriate order follows.

### ORDER

**AND NOW,** this 16th day of December, 1998, upon consideration of plaintiff's Complaint, Motion to Proceed *In Forma Pauperis,* and Motion for Order to Show Cause and Temporary Restraining Order, it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** as it appears that plaintiff is unable to prepay the costs of commencing this suit pursuant to 28 U.S.C. § 1915(a);

2. Plaintiff's Motion for an Order to Show Cause and Temporary Restraining Order is **DENIED;** and

3. Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.